Mr. Justice Livingston
delivered the opinion of the court,, and, after stating the facts, proceeded as follows.
^ The only ground on which 'this -decree can he • ‘ , tamed is, that the countermand by Davidson ot the fieri facias which had issued on the judgment against Dehlois, absolved the .complainant from- all liability on the one which had been recovered against him on the ° . same note ; 'and this has been likened to certain cases between principals and sureties; but it does net fall within any of the rulés which it has been thought proper to adopt for the protection of the latter. Although the original undertaking of an endorser of a promissory note be contingent, and he cannot be -charged without timely notice of non-payment by the maker, yet, when the holder has taken this precaution» and has proceeded to judgment against both of them, he is at liberty to issue an execution or not,. as he pleases, on the judgment against the maker, withoutafiording any causé of complaint to the endorser ; or if he issues an execution, he is at liberty to make choice ofthe'one which he thinks will be most beneficial to' *526 himself, without any consultation whatever with the endorser on the subject; nor ought he to be restrained by any fear of exonerating the endorser, from countermanding. the service of any execution which he may have issued, and proceeding immediately, if he chooses, on the judgment against the indorser. And the reason is obvious; for by the judgment, they have both become principal debtors, and if the endorser Suffers ahy injury by the negligence of the judgment creditor, it is clearly his own fault, it being his duty to pay the money, in which case, he may take under his own direction the judgment obtained against the maker. By an act of Maryland, ft seems expressly provi^ed, which perhaps, only declaratory of the common law, that an endorser may tender to a plaintiff amount of a judgment which he has recovered against the maker of'a note, and obtain an assignment nf u ”
By'the'local ía^,P «nd^t mon*uw'X endorser has a to^he^holderl «ndtobe sub-regaled to atl his right»..
., . n, , ., , . ,. . But it is alleged, thatm this case there .was a positive agreement on the part of Mt. Davidson with Mr. Prout, to issue a fieri facias, and proceed therein, and that by not doing .so, the latter was thrown off his guard, and lost the' opportunity of an indemnity out of the estate of Deblois. Without deciding what might have been the effect of such an • agreement, it -is sufficient to 'say that there1 is no evidence of it. Mr. Davidson expressly denies that he agreed with the complainant, or even promised, him to issue a fieri facias against the estate of Deblois, and that he went no1 farther than to say that he would consult his lawyer. Notbeing.able immediately tp find his lawyer, *527 and'not knowing whether some advantage might not be taken if he refused to comply with the complainant’s request, he directed a fieri facias, to be issued, which* for reasons assigned by hiin, was afterwards recalled. To this answer of Mr. Davidson, it is supposed, by the claimant’s counsel,- no credit is due, because hi/j commission on the. sum in question gave him an interest in the controversy, and he might bé ánswerable .over to his principal fot his conduct in this business. JVt constad, that he wo.uld be entitled to any commission on this sum. It is quité as probable he 'was acting, under a fixed salary, which would not be affected by the event of the suit; and-as to his responsibility,.none could exist, if he had acted within the Scope of his authority; and if he had transcended his power as agent; it would hardly be fair, that his Constituents should suffer by his act. But admitting both objections, and they will effect the verity of fiis answer; for if lie ha'd a direct interest in the event of the súit, and to the extent of whole sum in controversy, still his denial pf a fact directly alleged in the bill would be entitled'to full it, according to the rules, of .a court of equity-, Where not a single witness' has been produced to disprove it, and where the circumstances of the case, and hisowij conduct, render his account a very probable vone. If he-had not been made;a defendant, which was, not a very correct course, he migbjt.bav.e-,beep examined as a witness for the other defendant,or. for the complainant; but, haviner been made a defendant; and being the only one acquainted with the transaction, the eoutt is of *528 opinion that his answer, uncontradicted as it is,- is proof against the . complainant of the non-existence of any, such agreement as he alleges, was made between them, in relation to the issuing of the fieri facias— Nor would Mr. Prout have suffered by the-withdrawing of the fieri facias,, which is the burthen of his complaint, if he had'done what he might and ought to have done. He had sufficient notice of this fact,- before the Bit. sa. was served,- to -have' Called and paid the judg-mént against him, and thus have obtained a controul over the one which had 'been recovered against Dé-blois. If he had done this, instead of censuring the conduct of Davidson,- He might have issued & fieri fa-das himself, and' secured a property, whifch if it has not been applied towards his relief, is owing more to his own neglect in not paying, in tíme, a debt justly due-from:himself, than to any other cause whatever.
The answerer conclume
*528 A person so regardless of his interest, as well as duty, as Mr. Prout has been, who has not only refused to pay á note endorsed by him, when due, but' has put the holders to the trouble,delay, and expence, of pro eeeding to judgmen t against him, has but little right to-be dissatisfied, if a court of equity shall not think itself bound by any extraordinary exertions of its powers, to extricate him from- a difficulty and loss which he-might so easily Have avoided.
The decree of the circuit court is reversed, and the complainant’s bill must be dismissed, with the costs of that court, to be paid by the. complainant to the defén áant.
Decree reversed.a

 Vide ante, p. 148, Lanusse v. Barker, note a.