KING (STEVENSON v.). See Case No. 13,-417.

KING (STRIDER v.). See Case No. 13,534.

---

## Case No. 7,807.

### KING v. THOMPSON et al.

[3 Cranch, C. C. 146.] [1]

Circuit Court, District of Columbia. May Term, 1827.

NEGOTIABLE INSTRUMENTS—GIVING TIME TO MAKER AFTER JUDGMENT—WHETHER DISCHARGE OF INDORSER.

If the creditor, after judgment against the maker and indorser of a promissory note, give time to the maker, he does not thereby discharge the indorser.

[This was a bill in equity by Charles King, for the heirs of George King, against Thompson and others.] Exception was taken to the auditor's report, in which a claim of the Bank of Columbia against an indorser was rejected, because the bank had given time to the makers of the note, after judgment against the indorser.

J. Dunlop cited Bay v. Tallmadge, 5 Johns. Ch. 315, to show that, by the judgment, the relation of principal and surety had ceased, and that indulgence to one was no discharge of the other.

C. Cox, contrà, contended that any indulgence by which the creditor gave time to the principal, and thereby prevented the surety from immediate recourse to his principal, in case of payment by the surety, discharges the latter. Fell, Guaranty, p. 217, c. 17. By Act Md. 1763, c. 23, § 8, the surety discharging or satisfying a judgment against the principal is entitled to an immediate assignment of the judgment against the principal, and may have instant execution thereupon. Indulgence to the principal would be in direct hostility to this right.

THE COURT was of opinion that the indorser was not discharged, and sustained the exception to the report. In the case of Bay v. Tallmadge, 5 Johns. Ch. 315, Chancellor Kent says: "I am not aware of any case that has ever imposed upon the creditor the necessity of peculiar diligence against the principal, on the ground of the still existing rela-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

tion of principal and surety, after judgment and execution against the bail or the surety. It becomes too late, then, to inquire into the antecedent relations between the parties. Those relations become merged in the judgment. This was expressly declared to be the case, as between the holder and maker and indorser of a promissory note, by the supreme court of the United States, in Lenox v. Prout, 3 Wheat. [16 U. S.] 520." See, also, Id. 157, in notes; Fulton v. Matthews, 15 Johns. 433; Shubrick's Ex'rs v. Russell, 1 Desaus. Eq. 315; Pain v. Packard, 13 Johns. 174; Rutledge v. Greenwood, 2 Desaus. Eq. 389; Commissioners of Berks Co. v. Ross, 3 Bin. 520; Trimble v. Thorne, 16 Johns. 152.