Bland, Chancellor.—
Ordered, that the foregoing exceptions stand for hearing on the 22d day of the present month ; Provided, that a copy of this order, together with a copy of the said exceptions, be served on the said defendants or their solicitor on or before the 15th instant.
Copies having been served as required by this order, the case was again brought before the court.
3d August, 1831.
Bland, Chancellor.
The exceptions to the answer standing ready for hearing, the solicitors of the parties were fully heard and the proceedings read and considered.
This is properly a bill of discovery, and nothing more; and therefore the case must finally terminate here with the answer; it can go no further; there can be no hearing upon the merits as where relief as well as discovery is asked for. (a) This court having no criminal jurisdiction itself, meddles with no cases of that description which may be brought before any other tribunal; and therefore a plaintiff here can only obtain a disclosure of facts by a bill of discovery in relation to a civil case; either to enable him to commence his action aright, or to prosecute it with effect. If upon the face of the bill, it appears that there can be no remedy, the plaintiff here cannot have a discovery, which in such case would be useless and altogether impertinent; nor can a bill of discovery be sustained against any one not interested in the matter in dispute, who may be examined as a witness; and consequently, the plaintiff must by his bill point out the individual who he has already sued, or against whom he means to bring his aetion; and also so state the nature of his case as to enable the court to judge of the alleged liability of the person designated as a defendant. (b)
This plaintiff states that he is seeking the relief he claims by an action now depending in a court of common law; and although he has by very brief and general expressions stated the nature of his case; yet its character and object are sufficiently shewn to enable this court to judge of the bearing of the liability, and to see that if his claim has any foundation whatever, in point of fact, the *398 action at common law has been properly originated and now revived against these defendants; and therefore he is entitled to the discovery he asks from them.
This, it has. been urged, being a mere bill of discovery, in which the plaintiff asks only for a disclosure of the defendants’ knowledge of a specified fact, they cannot be permitted to set forth, in their answer, any thing foreign to that special inquiry. If this position be correct, then everything in an answer to a bill of this kind, which cannot be comprehended within the terms of the interrogatories propounded, no matter what may be the nature of the case, mast :be rejected as irrelevant. The validity of this position, therefore, presents a. preliminary question, which must be determined before 'apy inquiry can properly be gone into as to how far the matter objected to may be considered as impertinent in regard to the whqle case as .stated by this bill.
If a plaintiff has a right to relief in-this court, he has a right to an answer-from the defendant to every allegation of his bill, the admission of the truth of which, or the proof of the truth of which is necessary to entitle him to relief, (c) And after having given, in all respects, such an answer as the bill requires, the defendant may, and indeed, always should go on, by. way of further answer, to state all matters in bar, or by way of avoidance which he may make available as a defence against the plaintiff’s claim ; for it is a well established rule, that a party cannot be allowed to offer evidence to sustain any allegation which he has not made and relied upon in his bill or answer. (d) As where to a bill for a specific performance, although the defendant is bound to answer fully as to the agreement relied on by the plaintiff; yet he may, by way of avoidance, and as a defence against the claim presented by the bill, set forth the agreement which was really entered into between them ; and the plaintiff may, if he admits the truth of the defendants’ answer, amend his bill and take a decree accordingly upon the discovery and confession of the defendants. But having, by his amendment, virtually waived all claim founded on the contract as set out in his original bill, he cannot be allowed to offer proof to sustain such claim after the amendment has been made. (e)
The object of a discovery from the defendants for the purpose of giving relief here, is to obtain evidence in relation to the subject *399 in controversy, either because the plaintiff cannot otherwise prove the facts or in aid of proof. And hence the answer should, in all cases, not only disclose the truth, but the whole truth; it should not only speak the truth in relation to a particular circumstance, or part of the case; but the whole truth in regard to all the component parts of that case which is the subject of litigation between the parties. For, otherwise, if the plaintiff were allowed, by special interrogatories, to cull from the defendants’ knowledge of the whole matter in dispute only such particular facts as suited his purpose ; and the defendants were rigidly confined to the making of only such answers as such interrogatories would warrant, the truth of the case might be most grievously distorted, course of justice perverted. This as to a as discovery, is sufficiently evident.
The object of the discovery prayed by this bilj js to enable this court to give relief, but to ox common law in giving it. This plaintiff, it app earsf can preyf from a court of common law according to th^Jafira winch bnjifay be able there to establish.
It is the duty of a court of justice to act only according to the whole truth; it cannot allow any pertinent and legal testimony to be withheld or garbled; and it is of no kind of consequence whether the proofs are brought before it by means of its own process, or by the help of any other tribunal, so they be competent, credible, and pertinent.
This bill does, in effect, perform the office of a summons for witnesses to attend and testify before the court by which the plaintiff’s case is to be tried and determined. It collects evidence to be used in that court, in like manner, as the testimony of witnesses who may be brought before it, and sworn to speak the truth, the whole truth, and nothing but the truth. Looking to the general character of unreserved fulness and frankness, always expected from, and so commonly attributed to answers to bills in Chancery; if these defendants were to stop short with a bare response to the plaintiff’s interrogatories, and fail to set forth, in their answer, the matters necessary in any way to their defence at law, it might, perhaps, be objected in the court of common law, as it certainly might well be insisted upon here, on a hearing with a view to relief, that they should be allowed to offer no proof in relation to any defence which they had failed to rely upon in their answer; upon the ground that when called on to shew their de *400 fence, they had tacitly waived all such matters as were not set forth in their answer.
And besides, it is certain that a mere bill of discovery may be so amended, after the defendant has answered, as to pray for relief in this court; and it is an established rule, that in answering even such an amended bill, the defendant must confine himself to it alone, and cannot be permitted to put in a complete answer over again; and therefore, it is not only allowable, but necessary for the defendant’s own safety, that he should set forth and rely upon his defence in his answer to such an original bill, lest it should be so amended as to make it necessary for him to sustain such a defence even in this court. (f)
I am, therefore, satisfied that a defendant, in making answer to a mere bill of discovery, must be permitted to introduce all matters in avoidance; and to take as wide a range, over the whole case, as would be allowed to him if the bill prayed for relief from this court as well as discovery; and that there is, in this respect, no material difference between a mere bill of discovery and a bill for relief.
This then is a case in which the plaintiff excepts to the defendants’ answer; because it sets forth various matters which are impertinent ; and also, because it attempts to control a written by a verbal contract.
It has always been the practice in this court, in all cases where either party excepts to the pleadings for impertinence, scandal, or insufficiency, to file the exceptions in writing, and then move for an order appointing a day for the hearing, on notice to the opposite party, or his solicitor. And all such exceptions, in the same case, may be brought to a hearing at the same time and together before the Chancellor, and disposed of at once, without delay or embarrassment. (g)
It is the duty of the court to take care that its records be kept pure, to prevent them from being made the repositories or vehicles of scandal, and to see that the answers do not contain useless and impertinent matter. And although there may be a difficulty in answering properly in some cases, as to a bill for an account and the like, without running into long details ; yet unreasonable prolixity and mere verbiage should in all cases be avoided; and may be *401 checked by the court itself wherever it can be done without improperly retarding the progress of the suit. The general rule is, that if the answer goes out of the bill to state any matter, not material to the defendant’s case, it will he deemed impertinent and may be expunged; but nothing can be considered irrelevant that may have an influence upon the suit, attending to the nature of it. Yet if what is pertinent be so mixed with that which is impertinent, that the one cannot be separated from the other, the whole matter with the impertinency mixed shall be expunged. And if such foreign matter in an answer be scandalous as well as impertinent, it may be struck out at the instance of a co-defendant, or even a stranger, as well as the plaintiff in the case ; and that too at the costs of the party by whom it was filed. (h)
The general rule as to impertinence seems to be sufficiently clear in itself; hut the proper application of it to cases as they arise, has, in many instances, caused so much hesitation, that it may be well just to mention some few of the instances which afford illustrations of it.
In a case in which Anna Peck and Anna Maria Peck filed their hill as widow and daughter of John Peck, deceased, against his eldest son and others for dower, and their respective shares of the deceased’s personal estate. The eldest son put in his answer, which he entitled thus: ‘The several answer of John Peck, one of the defendants to the bill of complaint of Anna Baines, alias Green, assuming to herself the name of Anna Peck, as pretended wife of John Peck, Esq., deceased, and of Anna Maria Green, assuming to herself the name of Anna Maria Peck, as daughter of the said John Peck, Esq., deceased.’ To this the plaintiffs ob *402 jected, because of its being impertinent and scandalous. And the exception was allowed; because there was no reason to fear that the title of the answer should prejudice the defendant, as an admission of the plaintiff’s right, or work any conclusion in this court, (i)
And in another case where the plaintiff filed his bill to be relieved against a bond of £2,000 upon which the defendant had brought his action, setting forth that the bond was not entered into for money lent, or any valuable consideration, but purely to serve the defendant, and that it was agreed between them that it should not be put in suit. To prove which the plaintiff charged, that no demand had been made from 1703, when the bond was entered into, till the bringing of the action; that the plaintiff was a gentleman of a large fortune, and the defendant very necessitous ; and that the defendant afterwards borrowed of the plaintiff ¿6300 on bond; and that the bond being somehow lost, the plaintiff exhibited his bill in this court against the defendant, and had a decree for payment. The defendant in his answer says, ‘that he does not know or believe that the plaintiff lost the bond, but believes that he fraudulently concealed or destroyed it.’ To this the plaintiff objected, that it was scandalous and impertinent.
Upon which it was held, that though a matter may be scandalous in itself, it is not to be considered so if it is pertinent; or if the plaintiff asks impertinent questions, though the answer should be reflecting and impertinent, it would not be scandal. And it is very different to charge fraud and combination in a bill generally, and to insist upon it by oath in an answer. This bill is to be relieved against a stale bond;. and, as an inducement to prove it satisfied, the plaintiff mentions the subsequent bond, proceedings, and decree in this court, in which case the defendant never insisted on being paid the money due by this bond he has now put in suit; and, therefore, it is to be presumed it was satisfied. All this is material to the case, but the plaintiff, in his manner of setting out this transaction, takes notice, that the bond being some way got out of his custody, obliged him to sue in this court, and the defendant, in' his answer, says, he believes the plaintiff did not lose it, &c.; he denies what is not material; and what the plaintiff did not require him to answer. If he had alleged that he had lost it, and had questioned him to it, then his answer would not *403 have been scandalous, though immaterial; because the plaintiff led him into it; but now he is impertinent for going out of the ■way purely to reflect on the plaintiff. (j)
And where, after the defendant had 'answered, and the plaintiff had amended his mere hill of discovery so as to pray relief, it was held, that the defendant could not put in a complete answer over again; and that if he did so, all that part of it which purported to be an answer to any thing beyond the amended hill might be expunged as impertinent, (k)
And where the object of the bill was to obtain an account, and as a means of relief to have an explanation of certain bills of costs and accounts, with the amount of which the plaintiff had been charged, and the plaintiff, for that purpose, had propounded to the defendant sundry very minute and particular interrogatories as to their nature; calling upon the defendant to specify, and shew how they were made out; and by what computation the result had been produced; or where the object wras to ascertain the amount and the nature of the assets in the hands of an executor; and the interrogatories propounded asked him to state the amount of the assets which had come to his hands, with a particular account of their nature. And the defendant annexed to his answer a large and minute schedule of the items of his account, with a commentary of his own upon each item; or had appended to his answer a schedule which was, in fact, nothing more than a mere transcript of tradesmen’s bills; or where the defendant, the executor, having sold the testator’s household furniture by auction, set forth, in the schedule to his answer, a copy of the auctioneer’s catalogue, with the description and price of every article.
It was held, that such schedules were altogether unnecessary and impertinent, notwithstanding the minute and special inquiries of the plaintiff, and were expunged accordingly; because they conveyed not the least degree of information upon the questions asked by the bill, the object of -which was to have the heads of one claim and another so set out as to be informed how a particular balance had been produced; and because, although the plaintiff had pertinaciously insisted on a full disclosure; and therefore, after so insisting, could not object to the disclosure in ordinary cases; yet the defendant could not be justified in setting out all the items of a tradesman’s bill, unless they were specifically called *404 for as such; and because it would be highly inconvenient to hold that, in answer to the common interrogatories a defendant should be justified in loading the parties with the expense that attends the setting forth all the minute particulars and prices in an auctioneer’s catalogue; since it would have been sufficient to state, that the furniture was sold by auction at such a time and place, by such a person, and had produced such a sum. And if a plaintiff really desires to be furnished with these minuter details he will have no difficulty in explaining his purpose by a special interrogatory. (l)
Hence it clearly appears, that a defendant, in making answer to a bill, cannot be permitted, in any manner, to stray beyond the confines of the case therein set forth; or to bring within those limits any thing which can afford no degree of that information asked for by the bill; or which can have no influence upon the case; -or which cannot be, in any way, needful to him as a defence against the claims and pretensions of the plaintiff. Upon these principles, in the case now under consideration, I cannot pronounce the various allegations of this answer, designated by the plaintiff as additional matter, to be entirely impertinent and foreign from the subject in dispute.
It is admitted, that the defendants have fully and sufficiently responded to all that has been asked of them by the bill. But the defendants having a right to set forth the matters on which they mean to rely as a defence against the plaintiff’s claim have done so; and it is against those positions of the answer, that all the plaintiff’s objections have been directed. These defendants, in the suit at law, have relied upon the plea of pkne admistravit; and in their answer to this bill they do, in effect, shew how they mean to sustain that plea. They here state, as the substance and foundation of their defence, that they had reasonable ground to presume, that the claim of the plaintiff had been satisfied, or abandoned, arising from the length of time during which the dispute ■had loitered or slumbered in the court of law; from no demand having been made upon them, after they had given notice by publication according to law, which notice had been repeatedly delivered into the house of the plaintiff’s testator, who had for many years resided near these defendants' and their testator; and before *405 a distribution of the surplus had been made among his next of kin. (m) It is true, that these matters might, without danger of inaccuracy, have been sufficiently set forth in a more condensed manner and with fewer words; but I cannot consider them as irrelevant, or say that they have been so very diffusively set forth as to amount to impertinences which should be expunged.
But these defendants have exhibited, as a part of their answer, a copy from the records of the Orphans Court of their second administration account, and of the distribution of the surplus of their intestate’s estate. This I hold to have been wholly useless and unnecessary; because their administration accounts, or the mode in which they had administered the estate of their intestate, was in no way questioned, or called for by the bill; nor were any such matters involved in the controversy to be determined by the suit at common law, in relation to which dispute alone they were interrogated by the plaintiff. This copy of the account from the Orphans Court must therefore be expunged from this case.
The plaintiff has also objected to what the defendant Mary has said in relation to the freight; because what she states could, at most, amount only to a verbal agreement, and the contract of the parties was in writing.
This allegation made by the defendant Mary, in the joint and several answer of these defendants, is evidently introduced as an avoidance of so much of the plaintiff’s claim; and therefore, could be of no weight on any prayer for relief here; unless sustained by proof. And if offered to be so established, the question would then arise, whether such proof should not be rejected so far as it was attempted to be relied on as giving an interpretation to a written contract; or whether it would not be admitted upon the ground, not of construing, but as an addition to, or alteration of a written agreement.
If the defendant Mary were offered as a witness, to prove the facts she states, it might be objected, that she was incompetent; because of having been, at the time she obtained a knowledge of the facts of which she speaks, the wife of the party as to whose contract she testifies; as husband and wife are incompetent witnesses for or against each other, as to all matters occurring during the marriage, as well after as during the coverture. (n) If, however, *406 this was a bill for relief here, and this case was set down for hearing on bill and answer, then this allegation, in the answer of the defendant Mary, would be taken for true, although she might be deemed incompetent to testify to the fact as a witness, (o) But as to the relevancy, - legality, and competency of any testimony brought out by a bill of discovery, it does not belong to this court to decide; because such questions can only be determined, with propriety, by the court of common law for whose use the discovery has been required. (p)
It is a general rule, that on a bill of discovery the plaintiff must pay to the defendant all his costs in this court; and that too, including all expenses incurred by the defendant in resisting motions made in the case by the plaintiff. And the defendant’s right to make his demand, accrues as soon as he has answered, allowing to the plaintiff a reasonable time to look into the sufficiency of the answer. But it has been thought that this rule is too general; that it ought, at least, to be so modified, as that the plaintiff should not be bound to pay costs where, upon demand, the defendant had refused voluntarily to make the requisite disclosures, so as to compel the plaintiff to come into this court, and incur the expense of a bill of discovery. It certainly does seem to be reasonable, even although the plaintiff should be ordered to pay the costs of this court in the first instance; yet that they should await the event of the suit at law, and be taxed there like the costs for summoning witnesses, &c. as a part of the costs of the suit at common law. (q)
The act of Assembly declares, that in deciding on exceptions to answers, the court may award costs to. the party prevailing; (r) by which the question of costs seems to have been submitted entirely to the discretion of the court, in all such cases, without distinction. In the exercise of that discretion, therefore, I cannot but think it as reasonable, on a mere bill of discovery, as on a bill for relief, where the plaintiff has been put to the expense and trouble of extracting a sufficient answer from the defendant, or of pruning away its impertinences, that he should have, at least the costs of the exceptions; and therefore I shall give such costs in this case.
*407 Whereupon it is Ordered, that the last one of the exceptions of the plaintiff to the said answer, he and the same is hereby allowed; and that the said exhibit which the defendants have prayed to he taken as a part of their answer, purporting to be a copy of the second administration account of the defendants, and the distribution of the surplus of their intestate’s estate, he expunged from the proceedings in this case; that all the other exceptions of the said plaintiff to the said answer be overruled. And that the defendants pay to the plaintiff all the costs of the said exceptions, including a solicitor’s fee, to be taxed by the register.

 Hindman v. Taylor, 2 Bro. C. C. 8 ; Shaftsbury v. Arrowsmith, 4 Ves. 71.

 Rondeau v. Wyatt, 3 Bro. C. C. 155; The Mayor of London v. Levy, 8 Ves. 404; Cartwright v. Hateley, 1 Ves., junior, 292.

 Cooth v. Jackson, 6 Ves. 37.

 Whaley v. Norton, 1 Vern. 483; Sidney v. Sidney, 3 P. Will. 276; Clarke v. Turton, II Ves. 240; Smith v. Clarke, 12 Ves. 480.

 Lindsay and Lynch, 2 Scho. & Lefr. 9,

 Hildyard v. Cressy, 3 Atk. 303.

 2 Fowl. Exch. Pra. 2; Raphael v. Birdwood, 1 Swan. 228; Mortimer v. West, 3 Swan. 229.

 Shaftsbury v. Arrowsmith, 4 Ves. 71; Coffin v. Cooper, 6 Ves. 514; Lord St. John v. Lady St. John, 11 Ves. 538; Norway v. Rowe, 1 Meriv. 355; Oliver v. Haywood, 1 Anstr. 82; Mason v. Mason, 4 Hen. & Mun. 414; Cheseldine v. Gordon, 2 Bland, 79.
Birchfield v. Sharp. — 19th January, 1714. — Hart, Chancellor. — Ordered, that the complainant have liberty to take the hill off the file, and to file a new bill without costs; and have time till Monday next to declare which bill he will amend. And that the other bill which is ordered to be taken off the file, he not so taken off, but that it he lodged in the office where it may at any time be had.— Chancery Proceedings, lib. P. L. fol. 83.
Neale v. Calveet. — 1717.—Hart, Chancellor. — Forasmuch as it appears, that the bill of complaint exhibited by the complainant against the defendant is altogether scandalous for the ill language therein. It is Ordered, that the bill be dismissed out of this court; and that the defendant recover his costs by him expended in the defence of this sui-t against the complainant.— Chancery Proceedings, lib. P. L.fol. 376.

 Peck v. Peck, Mosely, 45.

 Smith v. Reynolds, Mosely, 70.

 Hildyard v. Cressy, 3 Atk. 303.

 Alsager v. Johnson, 4 Ves. 217; Norway v. Rowe, 1 Meriv. 347; Beaumont v. Beaumont, 5 Mad. 51.

 Boydell v. Drummond, 11 East. 144, note; Leeson v. Holt, 2 Corn. Law Rep. 349; Wright v. Pulham, 18 Com. Law Rep. 271.

 Nelius v. Brickell, 1 Haywood’s Rep. 19; Doker v. Hasler, 21 Com. Law Rep. 416.

 Lenox v. Praut, 3 Wheat. 527.

 Bishop of London v. Fytche, 1 Bro. C. C. 98; Hindman r. Taylor, 2 Bro. C. C. 8.

 Cartwright v. Hately, 1 Ves., jun., 292; Weymouth v. Boyer, 1 Ves., jun., 423; Simmonds v. Lord Kinnaird, 4 Ves. 746; Hindman v. Taylor, 2 Bro. C. C. 10; Noble v. Garland, 1 Mad. Rep. 343; 1 Mad. Pra. Chan. 216; Giant v. Jackson, Peake’s Cas. N. P. 204.

 1820, ch. 161, s. 8.