La Farge *v.* Herter.

## LA FARGE *vs.* HERTER & DILLENBACK.

Where the creditor recovers judgment against principal and surety, they are thenceforth principal debtors, and the taking of a new security from the one who was the principal, with an extension of the time of payment, does not discharge the other.

DEBT on judgment. Plea *nil debet*, with notice of special matter. Issue tried at the Jefferson circuit in June, 1844, before GRIDLEY, C. Judge. The plaintiff produced a record of a judgment in this court in his favor against the defendants, for $424,09, and rested. On the part of the defendants it was shewn

that the judgment was recovered on a promissory note made by the defendants for a debt due from Herter, Dillenback being a surety; and that after an execution had been issued on the judgment and levied on the personal property of Herter, the latter executed to the plaintiff a bond and mortgage for the amount of the judgment, including also another demand, payable in three years from the date, with interest; and that the plaintiff's attorney thereupon endorsed upon the execution that it had been paid in full. This evidence was given after an objection to its competency by the plaintiff's counsel had been made and overruled. The plaintiff then gave evidence tending to shew that the amount payable by the bond and mortgage included a note which Dillenback had given for an usurious premium upon the loan of the money which constituted the consideration of the note on which the judgment was obtained, and that Herter had threatened to set up the defence of usury when the plaintiff attempted to foreclose the mortgage.

The judge charged the jury that if Dillenback was surety for Herter in the note on which the judgment was rendered, then under the circumstances the levy of the execution and the taking of the bond and mortgage was a satisfaction as to Dillenback of the judgment, unless the bond and mortgage were usurious: but if usury was included in the bond and mortgage, with the knowledge and consent of Dillenback, the judgment was unaffected by them and then the plaintiff would be entitled to recover. The jury found a verdict for the defendants.

*J. A. Spencer*, for the plaintiff, moved for a new trial. He insisted that the relation of principal and surety which had existed between Herter and Dillenback ceased with the recovery of the judgment.

*C. P. Kirkland,* for the defendants, contended that the relinquishment of the levy and the giving time of payment to Herter discharged Dillenback, and that the plaintiff could not suggest usury for the purpose of avoiding the effect of the bond and mortgage.

*By the Court*, BEARDSLEY, J. On the trial the plaintiff's counsel objected to proof that the defendant Dillenback was surety, in the note on which the judgment had been recovered, for his co-defendant Herter; but the objection was overruled, and the fact of such suretiship, which was shown, seems to have constituted an essential ground for the verdict rendered by the jury. I think this evidence should not have been received. By the recovery of the judgment against Dillenback, his character as surety was gone, and as between him and the plaintiff he was thenceforth a principal debtor. This point seems to be entirely settled by authoriy. (*Bay* v. *Tallmadge*, 5 *John. Ch. R.* 305; *Lenox* v. *Prout*, 3 *Wheat.* 520; *Pole* v. *Ford*, 2 *Chit. R.* 125; *Findlay* v. *Bank U. S.* 2 *McLean's R.* 44.) There must be a new trial.(*a*)

---

(*a*) In *Bangs* v. *Strong*, (10 *Paige*, 11; *S. C. in error*, 7 *Hill*, 250,) the *facts* raised the precise question, here adjudged; but the point does not appear to have been presented or passed upon either by the chancellor or the court of errors.

**END OF MAY TERM.**

# DECISIONS OF CASES

# SPECIAL TERM,

IN APRIL, 1846.