Hubbell *v.* Carpenter.

Albany Special Term, February, 1848. *Parker*, Justice.

## Hubbell and Curran *vs.* Carpenter.

After the recovery of separate judgments by the creditor against the principal debtor and his surety, they both stand in the relation of principal debtors; and a covenant by the creditor not to collect the debt from the one who was originally the principal, will not discharge the other, nor prevent the creditor from collecting the debt of him.

Where a creditor, after having recovered a judgment against the principal debtor, assigned the same to another person, together with the execution, and all moneys due on the same, and the property already sold upon the execution and bid in by the creditor, but reserving the right to enforce a judgment obtained by him against the surety of the principal debtor, for a part of the same debt; *Held* that such assignment of the judgment against the principal debtor did not operate to discharge the surety. And that nothing short of the payment of the whole of the judgment, or of a portion of it sufficient to cover the liability of the surety, with a specific direction that it should be so applied, would extinguish the claim against the surety.

*Held also*, that the judgment obtained against the surety, was not merely an incident to the judgment against the principal debtor, so as to pass with the latter by an assignment thereof; but that each judgment stood as collateral and distinct security for the other; and that the payment of either would extinguish the other.

In Equity. This was a creditor's suit. The cause was heard on pleadings and proofs. The principal grounds of de-

fence were that the judgment on which the bill was founded was obtained against the defendant on a note endorsed by him for one Ellis; that a separate judgment had been also obtained against Ellis, and that the defendant was still to be considered the *surety*, and Ellis the principal, so as to allow the defendant to avail himself of an arrangement made by the creditors, with Ellis, by which the creditors agreed not to collect the judgment against Ellis, The facts are sufficiently stated in the opinion of the court,

*N. Hill, Jun.* for the plaintiffs.

*R. W. Peckham, & H. Carpenter*, in pro. per. for the defendant.

PARKER, J.   On the 30th of March, 1843, the plaintiffs recovered against Joseph P. Ellis, a judgment for $843,68 damages and costs.   Embraced in this judgment was a note for $200, of which Ellis was the maker and the defendant the endorser.   The plaintiffs sued the defendant, also, as endorser of the note, and on the 27th day of September, 1843, recovered a judgment against him for $259,60 damages and costs.   A creditor's bill was filed against Ellis, to which his assignees were subsequently made parties, and that suit was discontinued on the 10th of January, 1844, each party paying his own costs, in consideration of one of the assignees securing a part of the debt. An execution on the judgment against Ellis was afterwards issued; under which a considerable amount of personal property was levied on, and part of it sold, when an arrangement was made between the parties, and the judgment against Ellis was assigned by the plaintiffs to John McCumber; who claimed, and had already replevied part of the property levied on.   By the assignment from the plaintiffs to McCumber it was expressed that the consideration therefor was "two hundred dollars and other valuable considerations;" and it purported to convey the judgment and execution against Ellis, and all moneys due on the same, the property that had been sold and

*Hubbell v. Carpenter.*

bid in under the execution, &c.; but the right to collect and enforce the collateral securities in the plaintiffs' hands was expressly reserved, and the judgment against Hiram Carpenter was specified as one of such securities. The assignment was dated 21st of August, 1845. At the same time, and as part of the arrangement, the plaintiffs gave to Ellis a receipt in full of all demands except the judgment assigned to McCumber, and specially providing that the receipt should not affect their claims on the judgment against Carpenter. In this receipt the plaintiffs also agreed not to enforce any claim against Ellis, on the judgment against him, or on the note on which it was obtained.

It is now contended that the agreement not to prosecute Ellis operates as a discharge of the defendant; on the ground that such an arrangement with the principal discharges the surety. And the important, and I think controlling, question in this cause is, whether that doctrine is applicable to cases where a judgment has been recovered against both maker and endorser. *Bangs* v. *Strong*, (10 *Paige*, 11,) was, like this, a creditor's suit; and there the chancellor discussed and applied the law as between principal and surety. The decree was affirmed in the court of errors. (7 *Hill*, 250.) But it will be found that though the facts of that case might have fairly presented the question now under consideration, no such point was made by counsel, or decided by the court. In the later case of *La Farge* v. *Herter et al.* (3 *Denio*, 157,) the late supreme court held that by the recovery of a judgment, the character of a surety was gone, and as between him and the plaintiff he was thenceforth a principal debtor. In the note to this case, the learned reporter says: "In *Bangs* v. *Strong*, the *facts* raised the precise question here adjudged, but the point does not appear to have been presented, or passed upon, by the chancellor, or the court of errors."

I think the earlier authorities fully sustain the law as held in *La Farge* v. *Herter et al.* In *Bay* v. *Tallmadge*, (5 *John. Ch. Rep.* 305,) it was held that after judgment and execution against bail and sureties, there is an end to the relation of principal and surety; and the bail cannot claim any advan-

Hubbell *v.* Carpenter.

tage against the creditor, on the ground of a want of due diligence in prosecuting the principal debtor. In *Lenox et al.* v. *Prout,* (3 *Wheat.* 520,) separate judgments had been obtained against Deblois the maker, and Prout the endorser, of a promissory note; and the circuit court of the District of Columbia perpetually enjoined the plaintiffs from proceeding at law on the judgment they had obtained against Prout, because they had countermanded an execution against Deblois, when the money due might have been collected. But the supreme court of the United States held that the rules adopted by the courts, for the protection of sureties, were not applicable, and reversed the decree, on the ground that both had, by the judgment, become principal debtors. On this point see also *Pole* v. *Ford,* (2 *Ch. Rep.* 125,) *Findley* v. *Bank of the United States,* (2 *McLean's Rep.* 44.)

By the judgments, therefore, Carpenter and Ellis both stood in the relation of principal debtors; and the covenant not to collect from Ellis did not discharge the plaintiffs' claim on Carpenter, nor deprive them of the right to collect from him.

It appears that different payments were made to the plaintiffs, to apply generally on their demands against Ellis; and no direction having been given as to their application, the defendant claims they must be first applied to extinguish that portion of the plaintiffs' demand for which the defendant was liable. But it does not appear that such payments were made before the recovery of the judgments, and being subsequent, and the parties having thus both become principal debtors, the same application of the rule follows.

I do not think the assignment of the judgment against Ellis, to McCumber, relieves the defendant. Nothing short of the payment of the whole of the Ellis judgment, or a portion of it sufficient to cover the amount of the defendant's liability, with a specific direction that it should be so applied, would extinguish the claim against the defendant. The judgment against the defendant is not, as he now urges, merely an incident to the judgment against Ellis, so as to pass with it by assignment. Both Ellis and the defendant being, by the judgments, princi-

pal debtors, each judgment stands as collateral and distinct security for the other; and the payment of either one extinguishes the other. It follows that the reservation in the receipt, or agreement, of the right to collect the judgment of Carpenter, was not repugnant to the rest of the instrument. So far from it, it shows the understanding of the parties that the money paid at that time should not be applied on that part of the debt which the defendant was liable to pay.

The plaintiffs will be entitled to the usual decree for the amount of the judgment against the defendant, or for such part of it, if any, as remains unpaid. There must, therefore, be a reference to ascertain and report whether any part of the judgment against the defendant has been paid; and if so, how much remains unpaid. The testimony taken in the cause may be used before the referee; and either party is at liberty to introduce additional evidence. The correctness of the judgment against Ellis cannot be controverted, on the reference; and the only question will be, what payments have been since made, to apply thereon. The balance unpaid, if it do not exceed the amount of the judgment against the defendant, will be the balance of the judgment against the defendant remaining unpaid. The question of costs is reserved till the coming in of the referee's report.

