BAILEY & REMSEN *vs.* BALDWIN.

The acceptance by the holders of a note over due, of the note of a third person, payable at a *future day,* as collateral security on the terms that such acceptance should not prejudice their claim against the drawer and endorser of the principal note, nor prevent a suit if ordered by the endorser, is not such an *agreement to give time* to the maker as discharges the endorser.

THIS was an action of assumpsit, tried at the New-York circuit in June, 1829, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The suit was against the defendant as the *endorser* of a promissory note given by one *L. Badger* for $646,82, dated the 1st August, 1827, payable four months after date. The necessary steps were taken to charge the defendant as endorser. The defendant, on his part, gave in evidence an instrument signed by the plaintiffs, bearing date the 16th January, 1828, in which they acknowledged to have received from one F. A. Stuart his note dated the 31st December, 1827, at 60 days for $550, which when paid was to apply to the payment of the note in question, and concluding as follows : "which note ( that is, the note from Badger to Baldwin ) has been regularly protested for non-payment, and our taking the above note from said Stuart is not to prejudice our claim against the drawer and endorser of the above note of said Badger's, nor prevent a suit being commenced, if ordered by said Baldwin." The defendant also gave evidence of other negotiations between Stuart and the plaintiffs, which he insisted amounted to a satisfaction of the note in question. The judge charged the

NEW-YORK,
May, 1831.

Bailey
v.
Baldwin.

jury that the receipt of the 16th January, 1828, amounted to a stipulation by the plaintiffs *not to sue* Badger, unless directed by the endorser, until the time of payment of the collateral securities arrived ; and that the plaintiffs, by the terms of the receipt, had agreed to give the drawer time, and that the endorser was thereby discharged ; and as to the question of satisfaction, he submitted it to the consideration of the jury, who found a verdict for the defendant. The plaintiffs moved to set aside the verdict.

*S. Stevens*, for the plaintiffs.

*W. Mulock*, for the defendant.

*By the Court*, NELSON, J. If the holder of a note over due by a valid agreement with the maker, gives time for the payment, this is an interferance with the rights of the endorser by increasing his hazard, and as a just consequence, operates to discharge him. Mr. Chitty says, " The holder must not so agree to give time to the acceptor so as to preclude himself from suing him: and thereby suspend his remedy in prejudice of the drawer or endorser." Chitty on bills, 372. The above principle cannot be applied to the agreement in this case for the rights of the endorser are therein specifically reserved, no doubt from a knowledge of the rule. There was no time when, had the defendant taken up the note, he could not have had immediate recourse to the maker, and beyond this, his rights are not concerned.

It was earnestly contended that the defendant had in fact suffered loss by means of the delay by the plaintiffs ; admitting it to be so, a consequence that might happen without any agreement to delay, this affords no ground to exonerate the endorser from liability. He should have taken up the note at maturity, and then the collection of it from the maker would have been subject to his own discretion. It is giving time to the maker by an agreement binding in law, by which the holder is precluded from suing without regard to actual loss, that discharges the endorser, and whether he sustained loss or not, is never a subject of legitimate examination. The judge,

therefore, erred in advising the jury that the plaintiffs by the terms of the receipt had given time to the maker, and therefore discharged the defendant, within the meaning of the rule of law above noticed.

NEW-YORK,
May, 1831.

A question of satisfaction of the note was submitted to the jury, but it is unnecessary to be considered, as the error in the first point can be corrected only by a new trial. Whatever opinion the jury might entertain as to the question of satisfaction under the direction given to them they were bound to find for the defendant.

New trial granted.