ALBANY,
Jan. 1833.

Manchester
Iron Manufac-
turing Co.
v.
Sweeting.

## THE MANCHESTER IRON MANUFACTURING COMPANY *vs.* SWEETING.

A request to a creditor by a *surety* to prosecute his principal, who at the time is able to pay and subsequently becomes insolvent, discharges the surety.

The neglect of the creditor after such request is tantamount to an agreement not to sue the surety, and the defence may be given in evidence under the *general issue.*

Where a person who is a material witness for another subsequently becomes the surety of such other, and thus interested in the transaction and incompetent to testify, his competency may be restored by the party who has an interest in his testimony depositing in his hands a sum of money sufficient to indemnify him, and by the surety releasing the party from all claims on account of his suretyship.

Evidence that a creditor took security from a material witness of his debtor, with the view of excluding his testimony, is admissible to rebut the objection to the competency of the witness.

THIS was an action of assumpsit, tried at the Ontario circuit, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The suit was against the defendant alone, on a joint and several note signed by *Allen Cummings* and the defendant, dated 27th January, 1826, whereby the signers promised to pay the plaintiffs $51,80 in drawing ore from Ontario to Manchester. The plaintiffs having proved the note, rested. The defendant called *Reuben Fitzgerald* as a witness, who was objected to by the plaintiff as incompetent on the ground that by a writing under his hand and seal produced in court, he had agreed with the plaintiffs to pay them the amount of the note declared on *and the costs of this suit,* (which was commenced in June, 1830,) provided judgment should be obtained thereon. The defendant offered to shew that the plaintiffs had procured the signature of Fitzgerald to the agreement, knowing that he was a material witness for the defendant and with a view to exclude him. The judge refused to receive the testimony, and ruled that Fitzgerald was not a competent witness. The defendant then delivered to Fitzgerald a check on the Ontario Bank for $200, drawn by a third person, as his indemnity against the agreement executed to the

ALBANY,
Jan. 1833.

Manchester
Iron Manufac-
turing Co.
v.
Sweeting.

plaintiffs, which Fitzgerald received, and executed under his hand and seal a receipt to the defendant for $200, as full indemnity and satisfaction for all demands which he could or might have against the defendant by reason of the said agreement, or any money which he should or might be compelled to pay thereon, or by reason of any recovery in this suit, and thereby discharged the defendant therefrom. The counsel for the plaintiff still objected to his competency as a witness, as well by reason that the indemnity was insufficient as also that he could not by the law of the land be so restored to competency. The judge ruled that the indemnity was sufficient, and that Fitzgerald was rendered competent, who was then sworn and testified that the note declared on was given for a span of horses purchased of the plaintiffs by Cummings for his own benefit, and that they were used by him until he absconded. The counsel for the plaintiffs insisted that such evidence was not sufficient to shew that the defendant signed the note as the *surety* of Cummings, but the judge ruled that it was *prima facie* sufficient. Fitzgerald then further testified that in the spring after the note became due, the defendant called on one Blossom, the *president* of the Manchester Iron Manufacturing Company, the *agent* and principal manager of its concerns, and *requested that the plaintiffs would collect the note of Cummings*, saying that Cummings was then good and he did not know how long he might be so, and that if the plaintiffs did not proceed to collect the note of Cummings, he would not stand his surety any longer. The agent laughed at him, and said he thought Cummings was good enough, that he was doing well, and that he thought the debt safe enough. At the time that this request was made, Cummings was possessed of two spans of horses, waggons and harness, was in credit and able to pay his debts. In the autumn after the note fell due, he ran away, and at the time of the trial had not returned; up to the time that he absconded he was in credit and in possession of some property. It was also proved that in the spring, summer and autumn after the note fell due, Cummings was in the employ of the plaintiffs, and drew a quantity of ore for them from Ontario, but how much was not shewn; and also, that during the same

ALBANY,
Jan. 1833.

Manchester
Iron Manufac-
turing Co.
v.
Sweeting.

summer he burned a number of coal pits for the plaintiffs and delivered some coal. The plaintiffs objected to this testimony, on the ground that the defendant had only pleaded *non-assumpsit,* and given a general notice of *set-off,* and that no plea had been put in, or notice given of the defence set up; but it was received by the judge, who charged the jury that if they were satisfied from the testimony that the defendant was the *surety* of Cummings, and had requested the plaintiffs' agent to take measures to collect the note, and that it might have been collected had it been sued at the time of the request, and that the defendant was injured by the neglect of the plaintiffs to prosecute the note, then the defendant was entitled to their verdict; but that the defendant had no right to set off the labor of Cummings performed for the plaintiffs *against the note, except such as they should find to be proved* to have been performed in paying the note. The jury found for the defendant, and the plaintiffs now move to set aside the verdict.

*J. H. Gregory,* for the plaintiffs.

*J. R. Lawrence,* for the defendant.

*By the Court,* SAVAGE, Ch. J.　There can be no doubt that the engagement entered into by Fitzgerald rendered him incompetent on the ground of interest. Nothing appears in the case to sustain the imputation urged on the part of the defendant of fraud or collusion between the plaintiffs and the witness, to deprive the defendant of his testimony, for the defendant was a party with the witness to the agreement; and it does not appear that the plaintiffs knew that Fitzgerald could be a witness in the suit then pending. This the defendant offered to shew, and that the agreement was entered into with Fitzgerald with a view to exclude his testimony. This evidence ought to have been received; no man has a right thus to deprive his antagonist of the testimony of a material witness.

The principal question, however, is whether his competency was restored by putting $200 into his hands as an in-

ALBANY,
Jan. 1833.

demnity. The only doubt there can be on that subject is, whether it was sufficient; the witness thought it so, and discharged the defendant from all liability to him on that account; after that, he had no interest in the event of the suit. If the plaintiffs recovered, the witness would pay the amount out of the $200, and return the balance; if the defendant succeeded, he was bound to return the whole. The amount was surely sufficient to pay $51 and the costs. I think, therefore, the witness was competent. The plaintiffs' counsel is mistaken in supposing that the witness could retain the money in any event. *He received it by way of indemnity.*

The only remaining inquiry is whether the defence was properly received under the pleadings. Under the general issue, the defendant may give in evidence any thing which shews that the plaintiffs never had a cause of action, and most matters in discharge which shew that when the suit was commenced no cause of action existed, 1 *Chitty's Pl.* 470, 1, 2. A release may be proved under this plea. The defence proved in this case, though not a release, is tantamount to an agreement not to sue the surety, and was properly received. The conduct of the plaintiffs in refusing to prosecute the principal on the request of the surety was virtually an agreement to discharge the surety and look to the responsibility of the principal alone.

The evidence was properly received, and fully sustained the verdict of the jury.

New trial denied.