HUFFMAN *vs.* HULBERT.

An agreement for a valid consideration, extending to a *principal* the time of payment of a debt, discharges the *surety*, although the principal, at the time of such agreement, is actually *insolvent*.

THIS was an action of *assumpsit*, tried at the Cayuga circuit in April, 1833, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The defendant, *John P. Hulbert*, was sued on a joint and several note, given by his father *John W. Hulbert*, and by himself as *surety*, for $200, dated 28th December, 1828, payable to the plaintiff in *thirty days*. At various times, and particularly in the summer of 1831, John W. Hulbert sent small sums of money to the plaintiff, requesting him to make no account of such payments, but to hold still, meaning that he should not prosecute on the demands he held against him. John W. Hulbert died in October, 1831. The defendant proved that John W. Hulbert been prosecuted during his lifetime, the demand of the plaintiff might have been collected *from him*. The plaintiff proved that John W. Hulbert was insolvent at the date of the note, and remained so until his death; which evidence was objected to by the defendant, but admitted by the judge; who charged the jury that an agreement by the plaintiff with John W. Hulbert not to sue, founded upon a sufficient consideration, would discharge the defendant, standing in the character of a *surety* ; but he also submitted the question of the *insolvency* of the *principal* to the jury, instructing them that such insolvency must be tested by the ability or inability of the principal to pay *all his debts*, and not by his being able to obtain the aid of his friends to pay some particular debt. The jury found for the plaintiff for the amount of the note. The defendant asks for a new trial.

*M. T. Reynolds*, for the defendant.

*A. Tabor*, for the plaintiff.

*By the Court,* SUTHERLAND, J. A new trial must be grant-ed in this case. The judge erred in admitting the evidence of the insolvency of John W. Hulbert, before and at the time of his death. The defendant John P. Hulbert signed the note on which this action was brought, as surety for his fath-er, John W. Hulbert. This appears on the face of the note. His defence was, that the plaintiff had, for a valuable consid-eration, agreed with the principal to extend the time of pay-ment; and had, in pursuance of such argument, actually ex-tended it; and the fact of such agreement appears to have been established by pretty clear and direct testimony. This fact, if satisfactorily proved, discharged the surety, and was *per se* a perfect defence to the action. *Pain* v. *Packard,* 13 *Johns. R.* 174. *King* v. *Baldwin,* 17 *id.* 384, *in error.* 15 *id.* 483. 16 *id.* 72. 9 *Cowen,* 206. 7 *Wendell,* 289. 2 *Johns. Ch. R.* 560. 2 *Bos. & Pull.* 62. It was varying the con-tract to his prejudice, as it deprived the surety of the power of paying the debt, and immediately calling upon his princi-pal. It is unnecessary for him to show that he has been ac-tually damnified. It was perfectly immaterial, therefore, whether the principal was or was not insolvent when the new agreement was made. It so changed the original contract that the surety might be prejudiced by it, and that is suffi-cient to discharge him.

Where a surety in a bond or note requests the creditor to proceed immediately to collect the money for the principal, who is then solvent, and the creditor neglects or refuses to proceed, and the principal afterwards becomes insolvent and unable to pay, the surety will be discharged. *Pain* v. *Pack-ard,* 13 *Johns. R.* 174. *King* v. *Baldwin,* 17 *Johns. R.* 384, *in error.* This rule depends upon a principle entirely different from the other. Here the creditor has done nothing to vary the contract, or tie up the hands of the surety. But it is rea-sonable and just that he should, upon the request of the surety, collect the debt from the principal. If he neglects or refuses to do so, and the surety is thereby injured by the subsequent insolvency of the principal, the surety ought to be discharged. The judge appears to have confounded these two classes of cases, and to have supposed that it was competent for the

plaintiff to show that the surety had not been damnified by his agreement to give time to the principal. In this he erred. All the evidence upon both sides in relation to Hulbert's insolvency, and all that the judge says upon that point in his charge, was irrelevant to the case.

New trial granted ; costs to abide the event.