The opinion of the Court, was delivered by
Nevitjs, J.
The question presented is whether.a surety upon a bond can by any act inpais, compel the obligee tosue the principal. The demurrer admits the facts as stated in the plea and the defendants contend that they amount to a legal discharge of the sureties on the bond. The counsel for the defendants insist that as a surety may go into a court of equity after the debt is due and coerce, the obligee to sue the principal and obtain their discharge if he fails to do so, that therefore where the obligee refuses to prosecute the principal at the request of the surety, this will be a good defence in a court of law, to an action brought against the surety. 1 apprehend this does not follow. A court of equity has the power to impose terms upon the surety before they will compel the obligee to bring suit and this is usually done by re *207 quiring him to indemnify the obligee against the cost of the suit and sometimes by making a deposite of the debt. This cannot be done by a court of law. The defendants however have cited some cases from the Supreme Court of New York, where their doctrine is sanctioned in relation to negotiable notes. In the case of Pain v. Packard, 13 Johns. R. 174, the court decided that where the holder of a note was requested by the surety to collect the money without delay from the principal, who was then solvent, and he neglected to do so, and the principal afterwards became insolvent, that the surety was exonerated. In this case the court say, that the principles laid down in The people v. Janson 7 Johns. R. 336, will warrant and support this plea, and that the holder was bound in law and equity to use due dilligenco against the principal, in order to charge the surety. In King v. Baldwin and others, 17 Johns. R. 384, the like doctrine was held by a majority of the court of errors. In the case of the Manchester Iron Co. v. Sweeting, 10 Wend. 162, the court held that the plaintiffs in refusing to prosecute the principal after request by surety, virtually agreed to discharge the surety. All these cases are upon promissory notes except that of The people v. Janson and this was overruled in the case of The people v. Russell, 5 Wend 570.
If the doctrine held in the foregoing cases is to be esteemed the settled doctrine in that court, I apprehend it finds no support either in the nature of the contract, or in any general principal of law, or in the decisions of the English courts, or of our own. In Manning v. Shotwell, 2 South. 584, the surety gave notice to the creditor to sue the principal, which he did, but afterwards discontinued the suit and gave the principal further time; the court nevertheless held that the surety was not discharged. In that case the surety had a far better equitable claim to a discharge than in the present, where no agreement was made with the principal extending the time of payment. The principle adopted in the ease of Manning v. Shotwell is sustained by the courts of the United States, 12 Wheat. 554, 6 Pet. Con. R. 636, 1 Gal. 32 and 2 Summer 310, 453. Where a creditor gives time to the principal a surety cannot avail himself of that defence unless it appear upon the face of the instrument that he is such surety and even *208 in that case his relief is in equity and not at law; 2 Ves. Jr. 540 ; 4 Barn and Cress 506, 5 B. and Ald. 187, 10 B. and Cress 122.
In this case the credit is given to all both principal and sureties. To the plaintiff all were principals whatever may have been the relation or contract between the defendants. The defendants jointly undertook to perform the conditions of the bond. The action therefore could only be brought against them jointly. If the defendants desire to secure themselves against Morford, they had it in their power to do so, at any time after the bond fell due, by paying it and bringing their suit. I think the judgment of the Circuit Court should be affirmed with costs.

Judgment affirmed.

Elmer and Whitehead, Justices, did not hear the argument, and gave no opinion.
Affirmed, Pintard v. Davis, 1 Zab. 632. Cited in Mor. Can. v. Van Vorst, 1 Zab. 116, and note (a) Paulin v. Kaighn, 5 Dutch. 501.