# P. H. & H. W. PROUT v BRANCH BANK AT DECATUR.

1. Where a further day of payment is given, by deed, to the principal debtor, he being the maker of several promissory notes, and the drawer of several bills of exchange, but a reservation is made in the deed that nothing contained in it shall bar or affect the right of the creditor to sue on any of the notes or bills at the request of any of the sureties; such a contract does not discharge the indorsers.

2. Where the principal debtor, by deed, assigns property to a trustee for the payment of bills and notes upon which others are subsequent in liability, contracting thereby for delay, with a reservation by the creditor of the right to sue at the request of any surety, (in which event the deed was not to operate as a security for the debt thus sued,) and containing a condition that the debtor might sell the property, or remain in possession of it until the expiration of the time contracted for, is no discharge of the parties subsequent in liability, even if it is conceded that the deed, by reason of these stipulations, would be void as to a creditor.

WRIT of error to the Circuit Court of Morgan county.

Motion by the Bank for judgment against the Prouts, as the endorsers of a bill of exchange drawn by Rhea & Ross, upon and accepted by Gamble, Murrah & Co., dated 12th September, 1838, at 8 months. The bill is payable to Isaac H. Walker, who endorsed it to the defendants, who endorsed it to Toby, Connor & Co. who endorsed it to Reese & Co. who endorsed it to the Bank.

The defendants pleaded in bar that the plaintiffs gave day of payment after the maturity of the bill to the drawers. The de-

lay is alleged to have been given by a certain deed set out in the plea, executed by John S. Rhea, one of the firm of Rhea & Ross. This deed recites the indebtedness of Rhea, as one of the firm of John S. Rhea & Co., and Rhea & Ross, by several bills of exchange and promissory notes, endorsed by various individuals, (among which is the bill now sued on,) and that he is desirous of securing the same; and for that consideration, and the sum of one dollar, paid him by Green P. Rice, he conveys to the latter several tracts of land, a number of slaves, and 5-8 of the steamboat Asia upon trust, nevertheless, that the Bank should allow the said Rhea to have the debts therein named divided into four equal annual instalments from the date of the deed, and should only require of him annually the instalment that should then fall due, with interest on the whole debt; and should permit the said Rhea to sell or dispose of any of the said property; and should further permit him to keep and retain possession of all the property, until default be made in the payment of the said instalments, or any one of them, as they fall due; and to take the rents and profits to his own use and benefit. Provided that nothing contained in the deed should bar or affect the right of the Bank to sue upon any of the bills or notes described at the request of any of the sureties, to any of those mentioned or intended to be secured; and that such suit on such bill or note should not destroy the terms of the deed as to any or all the bills or notes not sued upon. It provided, that upon default in the payment of any one of the instalments, it should be the duty of the trustee, upon giving one month's notice, by advertisement in the nearest newspaper, to proceed and sell so much of the property as would satisfy the default and the expenses. It also provided, that if there should be no default, the deed should be void.

The plaintiffs demurred to this plea, and the court sustained the demurrer.

This is the only error assigned.

W. Cooper & Nooe, for the plaintiffs in error, cited Bailey on Bills, 359; Comegys v. Cox, 1 Stewart, 262; Ellis v. Bibb, 2 Stewart, 62; Comegys v. Booth, 3 Stewart, 14; Everett v. United States, 6 Porter, 166, to show the extent of the general rule, that a surety is discharged by giving day to the principal. King v. Baldwin, 2 J. C. R. 559, and Gould v. Robson, 8 East, 578, to

show that it is the *new contract* made with the principal which discharges the security, and that the old one cannot, by agreement, be retained as a collateral security.

The proviso in this deed does not cover the case of the endorser paying the bill, and then suing in his own name. The event only is provided for, of the bank suing, *if requested* so to do by an endorser. [U. States v. Hatch, 6 Peters, 258; McLemore v. Powell, 12 Wheat. 554; Boultbee v. Stubbs, 18 Vesey, 20; Wood v. Jefferson Bank, 9 Cowen, 195; Theob. on P. & S. 144, 77, 128; Chitty on Bills, 442.]

The deed itself is a fraud upon the endorsers and other creditors, as it is *in terrorum* as to the first, and covers the property as to the last, for a space of years.

ARMSTRONG, *contra.* The obvious intention of the parties to the deed, is, that the remedy against the endorsers was not to be prejudiced by the arrangement then made; and the stipulations must be construed with reference to the intention of the parties. [Chitty on Bills, 441 to 456; 1 Johns. Ch. Rep. 289; Bailey v. Baldwin, 7 Wend. 289.]

GOLDTHWAITE, J.—1. It must be conceded, that here there has been a valid contract between the Bank and one of the drawers of the bill, for indulgence; and, therefore, the principal question is, whether the reservation in the deed is effectual, to continue in force the right of the bank to enforce payment from these defendants as indorsers, after the expiration of the time for which indulgence was stipulated. We say *after* the time, because no question arises whether the suit could be brought during the period for which delay was agreed to be given. To determine this question, it is necessary to ascertain what the parties contracting meant and intended by this reservation ; for it cannot at this day be doubted, that contracts are so to be construed as to give effect, if it legally can be done, to the intention of the parties. It is said that if a deed can operate two ways, one consistent with the intention, and the other repugnant to it, courts will ever be astute so to construe it as to give effect to the intent.— [Earl of Clanrickard's case, Hob. 277 ; Sally v. Forbes, 2 B. & B. 38.] The intention is made apparent upon the face of this deed, that time shall be given to the drawer, unless some party

subsequent in liability on the bills or notes, should see proper to direct a suit to be instituted.

It is said, however, that the deed does not contemplate that one standing in this relation to the bill, might defeat the indulgence by paying it, and suing on it in his own name, or for the money paid. The cases of Gould v. Robson, [8 East, 576,] and Boultbee v. Stubbs, [18 Vesey, 20,] have been much relied on to show, that reservations of a right, of this nature, are construed strictly. The first was the case of the holder of a bill after it became due, receiving part payment from the acceptor, and taking from him another bill, payable at a future short date for the remainder ; but agreeing to keep the original bill in the interim, as a security. It was held the indorser was discharged. The other was the case of a creditor giving time to the principal, in a bond for a part of the debt, but expressly, without prejudice to any security which the creditor then held. An injunction was allowed upon a suit by the creditor against a surety to the bond. In the case where the original bill was retained as a security, the court considered the implied agreement to be that it should not be sued on until after the dishonor of the new one. In the case of the bond, the lord chancellor conceded that a reservation of the right against a surety could be made, provided the surety's remedy against his principal was not impaired : how, after this concession, the injunction was allowed, the report does not explain. It seems to us that neither of these cases warrant the principle contended for here, because it is perfectly clear upon this deed that the giving of time was entirely dependent upon the action of the parties who were subsequent in liability upon the notes or bills. If they required suit to be brought the bank was at liberty to bring it, and it is not too much to say for the effect of such a reservation, that it had no tendency whatever to impair or defeat the right or remedy of any surety. The doctrine of our court as well as of others, is, that there is no obligation upon the creditor, of active diligence; all that is required of him is, that he shall make no contract to suspend his remedy, to the prejudice of those who are secondarily liable. [Inge v. Branch Bank of

Mobile, 8 Porter, 108; Wright v. Simpson, 6 Vesey, 734: Trust Navigation Co. v. Harley, 10 East, 40 ; American Cases to the same effect, cited in Chitty on Bills, ed. 1836,442, n. 1.]

In the case of Boultbee v. Stubbs, before cited, Lord Eldon seems to have been impressed with the idea that stipulations of this kind were, in many cases, so absurd, that the intention should be seen plainly to give it effect ; but even in England it has never been held, so far as we can ascertain that such a reservation is not effectual when made. Indeed, it has been repeatedly held, both before and since that decision, that the right against a surety or joint debtor, was not gone when there was such a reservation. [Sally v. Forbes, 2 B. & B. 38, *Ex parte* Carstairs, Buck. 560 ; *Ex parte* Clendening, ib. 517.] To the same effect is Bailey v. Baldwin, [7 Wend. 289,] a case very similar in the terms of the reservation, to the one we are now considering.

We conclude, therefore, that the reservation in the deed was effectual to continue the right of action against the defendants, after the expiration of the term given for delay to the drawer ; and therefore, that they are not discharged by reason of the contract between the bank and Rhea.

2. The question, whether the deed itself is void, in consequence of the stipulation that such sureties as may require suit to be brought, should not be benefitted by it, and that Rhea should remain in possession, with power to sell, until default, does not arise here, inasmuch as those defendants could, by becoming judgment creditors of Rhea, have tested the legal sufficiency of the deed by a levy. Even if the deed is conceded to be void, by reason of these stipulations, as against a creditor of Rhea, it is no discharge to the parties to the notes or bills.

Upon the whole, we think there is no error in the judgment, and it is therefore affirmed.