No. 43.—Asa Prior, plaintiff in error, *vs.* Peter Gentry, defendant in error.

[1.] An *indorser* of a promissory note, *where the maker resides out of the State,* is not discharged, if the creditor, *on request,* neglects to proceed against the *principals* until the note is barred, as to them, by the Statute of Limitations ; there being no offer of indemnity to the holder against the consequences of risk, delay or expense.

Assumpsit, in Paulding Superior Court. Tried before Judge Jno. H. Lumpkin, November Term, 1851.

The facts of this cause are fully set out in the opinion of the Court.

Underwood, for plaintiff in error.

W. AIKEN, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This was an action of assumpsit, brought in Paulding Superior Court, by John Gentry, for the use of Asa B. Mann, administrator, *de bonis non*, of Stephen H. Mann, deceased, against Asa Prior, on a note given by Samuel Grant and Henry F. Boreland, to the defendant, for one hundred and fifty dollars, dated the 24th of March, 1837, and due the 25th day of December next thereafter, and indorsed to Peter Gentry, by the defendant, on the 13th day of October, 1841. The special defence set up, was that the plaintiff had failed to sue the makers of the note, after request made to that effect, until it was barred as to them, by the Statute of Limitations.

The testimony showed that immediately after the indorsement was made, Prior said to Gentry, "when you go to Kentucky, I desire you to see the makers of the note, as I have received a letter from them, stating that the money due thereon is ready; and if they do not pay, I wish you to sue them immediately." To which, says the witness, the indorser made no reply. It appears from the evidence that Grant and Boreland lived at the time in the State of Kentucky, and from aught that was proven to the contrary, continued to reside there ever since.

Does the neglect of the holder to sue the makers, under these circumstances, exonerate the indorser? We think not. See *Howard vs. Brown*, 3 *Kelly's* R. 524.

This Court there held, that where notice was given to the holder of a note, to sue under the Act of 1831, and before the expiration of the three months allowed by law, for that purpose, the maker removed beyond the jurisdiction of the Court *so that he could not be sued*, it was at the risk of the security or indorser, and not of the holder. In other words, that the holder was thereby released from the obligation to sue the principal, imposed by the Statute.

*A fortiori*, is he relieved from this duty, where the maker

never was within the limits of the State, and where, consequently, he never could have been sued?

But it is contended, that upon the principles of the law regulating the relation of principal and surety, that the holder having waited until the makers were protected by the six years bar, and that, too, after a request to sue had been made, that he has lost his remedy against the indorser.

And we admit that there is respectable authority to be found, in support of the proposition, that where the holder of a note is requested by the *surety*, (not the *indorser*, whose undertaking is in the nature of a new and distinct contract,) to proceed without delay to collect the money out of the principal, who is at the time *solvent*, and he neglects to do so until the maker becomes *bankrupt*, that the *surety* will be discharged. *Prior vs. Packard*, 13 *Johns. R.* 174. *Bruce vs. Edwards*, 1 *Stewart's R.* 11.

Suppose we were to concede this doctrine; it is accompanied with a qualification which would make it wholly unavailable to the defendant in the present case. *There must be an offer of indemnity to the holder against the consequences of risk, delay and expense.* *Wright vs. Simpson*, 6 *Ves.* 734. In the matter of *McKinley*, 1 *Johns. Cas.* 138. *Clason vs. Morris*, 10 *Johns. R.* 539. *Ingalls vs. Dennett*, 6 *Greenl.* 79. *Crane vs. Newell*, 2 *Pick.* (2d ed.) 614, *n.* 1. *Beardsley vs. Warner*, 6 *Wend.* 610. *Warner vs. Beardsley*, 8 *Wend.* 199. *Manchester Iron Manuf. Co. vs. Sweeting*, 10 *Wend.* 162. *Huffman vs. Hulbert*, 13 *Wend.* 376, 377. *Frye vs. Barker*, 4 *Pick.* 382. *Davis vs. Huggins*, 3 *N. Hamp. R.* 231. *Croughton vs. Dewal*, 3 *Call.* 69. *Moore vs. Breussard*, 20 *Martin's* (*Louis.*) *R.* 277.

Apart from our Statute, there is already a remedy for the surety, and one which we cannot admit, "lays on him a burthen too hard to be borne." Let him pay the debt according to his undertaking, and sue the principal himself; or resort to equity and prosecute the suit in the name of the creditor, but at his risk and cost. (See authorities as cited above.)

This is an old rule, and we think that any other would be unnecessary and inexpedient. I am not ignorant that the law looks

favorably on the situation of securities, and extends to them every assistance to enforce the payment of the debt by the principal. But perhaps both the legislation of the country, as well as the decisions of the Courts, have gone quite far enough to protect this class; unless, indeed, the object be to destroy entirely the relation of principal and surety, against which I have nothing to say.

Judgment affirmed.