PAIN *against* PACKARD, *impleaded with* MUNSON.

*If an obligee, or holder of a note, who is requested, by the surety, to proceed without delay, and collect the money of the principal, who is then solvent, neglects to proceed against the principal, who, afterwards, becomes insolvent, the surety will be exonerated.*

*In an action against A. and B, on their joint note, payable to C, on demand, A. plead, ed, that he signed the note as surety for B., and requested C. to proceed immediately to collect the money of B., who was then solvent; but C neglected to proceed against B., until he had become insolvent, and had absconded, whereby the money, as against B., was lost. On demurrer, this was held to be a good plea in bar of the plaintiff's action against A.*

THIS was an action of *assumpsit*, on a promissory note made by *Packard* & *Munson*, in which *Packard* alone was arrested, the other defendant being returned not found. The defendant, *Packard*, pleaded, 1. *Non-assumpsit*. 2. That he signed the note, which was for 100 dollars, payable on demand, as surety for *Munson*; that he urged the plaintiff to proceed immediately in collecting the money due on the note from *Munson*, who was then solvent; and that, if the plaintiff had then proceeded immediately to take measures to collect the money of *Munson*, he might have obtained payment from him; but the plaintiff neglected to proceed against *Munson*, until he became insolvent, absconded, and went away out of the state, whereby the plaintiff was unable to collect the money of *Munson*. 3. The third plea was like the second, except that the defendant alleged a promise, on the part of the plaintiff, that he would immediately proceed to collect the money of *Munson*, and a breach of that promise, by which the defendant was deceived and defrauded, and prevented from obtaining the money from *Munson*, &c.

There was a demurrer to the second and third pleas, and a joinder in demurrer, which was submitted to the court without argument.

*Per Curiam.* The facts set forth in the plea are admitted by the demurrer. The principles laid down in the case of *The People* v. *Jansen*, (7 *Johns. Rep.* 336.,) will warrant and support this plea. We there say, a mere delay in calling on the principal will not discharge the surety. The same principle was fully and explicitly laid down by the court, in the case of *Tallmadge* v. *Brush.** But this is not such a case. Here is a special request, by the surety, to proceed to collect the money from the principal; and an averment of a loss of the money, as against the principal, in consequence of such neglect. The averments and facts stated in the plea are not repugnant, or contradictory, to the terms of the note. The suit here is by the payee against the makers. The fact of *Packard* having been security only, is fairly to be presumed to have been known

* *Not reported.*

to the plaintiff. He was, in law and equity, therefore, bound to use due diligence against the principal, in order to exonerate the surety. This he has not done. There can be no substantial objections against such a plea. It may be said, the surety might have paid the note and prosecuted the principal; but although he might have done so, he was not bound to do it. If he had a right to expedite the plaintiff in proceeding against the principal, and chose to rest on that, he might do so. In the case of the *Trent Nav. Co.* v. *Harley*, (10 *East*, 34.,) the plea was similar to the present, and not demurred to. The defendant must, accordingly, have judgment upon the demurrer.

<div style="text-align:center">

Judgment for the defendant.

</div>

<div style="text-align:right">

NEW-YORK,
May, 1816.