Pintard v. Davis.

## OCTOBER TERM, 1846.

### PINTARD, IMPLEADED &c. v. DAVIS.

1. One of two or more co-obligees in a money bond, cannot at law aver that he is only a surety. (RANDOLPH, J. *dubitante.*)

2. A surety is not discharged by requesting the creditor to sue the principal debtor while still solvent, though the creditor neglects to sue, and the debtor afterwards becomes insolvent.

3. A surety cannot by notice *in pais* compel the creditor to sue the principal.

Error to the Supreme Court. (a)

This was an action of debt brought in the Monmouth Circuit Court, by Davis, the defendant in error, against Pintard and two others, who were impleaded with one Morford, upon a joint bond dated June 9, 1829, given by the plaintiffs in error and the said Morford to Davis, in the penal sum of $800, conditioned for the payment of $400 in one year from date. The declaration was in the usual form. The defendants, with the exception of Morford, pleaded specially, that the action ought not to be maintained against them, because Morford signed the bond as principal, and that the sum mentioned in the said bond and the condition thereof, was received by and appropriated to the sole and only use and benefit of the said Morford, and that the said bond was given for his own proper debt. That they signed as sureties of Morford, of which the plaintiff had notice at the

(a) See *Spenc. R.* 205.

Pintard v. Davis.

date of the bond. That after the money mentioned in the bond became due, to wit, in 1833 they requested the plaintiff to collect it without delay of Morford, who was then solvent and able to pay, and so continued for eight years thereafter, and that the same could then have been collected of him, but that the plaintiff, without any reasonable excuse, wholly neglected and refused to take any legal measures against him, or to proceed in any other way to collect the same. That Morford afterwards, in 1841, became and still continues to be insolvent, and unable to pay the debt. That by means of said omission and neglect, the debt as against Morford has been lost, and the defendants, as his sureties, have been deprived of the means of recovering it against him, if they should be compelled to pay it.

To this plea the plaintiff below demurred, and the demurrer was sustained by the Circuit Court.

The judgment of the Circuit Court was affirmed on error in the Supreme Court, (*Spenc. R. p.* 205,) and thereupon a writ of error was brought to this court.

Mr. *Wall*, and Mr. *Vroom*, for plaintiffs in error.

In equity the surety may compel the creditor to collect the debt, and any thing done by the principal to injure the surety, as by giving time, or in changing the character of his liability, discharges the surety. But the surety is not obliged to resort to a court of equity to stimulate the diligence of the creditor. Although it may be admitted that the rule is still otherwise in England, yet here we are not so strictly bound by the forms of the common law, and relief may be had in many cases at law. Whether a surety is discharged or not, is a legal question. Mere laches may not discharge the surety, but if injury occur in consequence of delay after notice, as in case of subsequent insolvency of the principal, then the surety is discharged. *Nisbet* v. *Smith*, 1 *Bro. C. C.* 582 ; 2 *Ves. Jr.* 540 ; 4 *Dal.* 135 ; 8 *S. & R.* 110 ; 7 *John.* 332 ; *Pain* v. *Packard*, 13 *Ib.* 174 ; 15 *Ib.* 433 ; 17 *Ib.* 384 ; 1 *Hill's S. C. Rep.* 16 ; 3 *Wend.* 216 ; 13 *Ib.* 377 ; 10 *Ib.* 162 ; 3 *Wash. C. C. R.* 70, 75.

Mr. *Vredenburgh*, and Mr. *Dayton*, contra, cited 6 *Ves.* 734 ;

*King* v. *Baldwin*, 2 *John. Ch. R.* 554 ; 2 *Pick.* 581 ; 4 *Ib.* 382 ; 5 *Ib.* 307 ; 2 *South.* 585.

The opinion of the court was delivered by

CARPENTER, J.   Whether a surety is discharged or not may be a legal question, but in the case of a sealed contract it must be when the suretyship appears on the face of the instrument.   The solemnity of such instruments forecloses in general all inquiry into the consideration.   If bound, as principal, a defendant cannot aver at law in an action upon the instrument, that he is only a surety, though in equity parol evidence is admissible to show who is principal and who surety.   In this state this clear rule of the common law has never been infringed.   In *Manning* v. *Shotwell*, 2 *South.* 584, the creditor who had been called upon to sue the principal discontinued the suit, and gave him further time.   The court held that this did not form any defence at law to a suit against the makers of a sealed bill.

But independent of this technical objection, which however is fatal to the legality of the plea, the defence cannot be maintained.   The undertaking of such surety is absolute.   It is his business to see whether the principal pays, and not that of the creditor.   If he lies by, and the insolvency of the principal intervenes, he must abide by the loss, and cannot throw it on the creditor.   Mere delay to require payment, without any binding contract for that purpose, and without fraud, will not discharge a surety ; and upon the facts of this plea there could be no relief even in Chancery.   Supposing the surety can call upon the creditor to do the most he can for his benefit, it must be upon terms that will secure the creditor from all the consequences of risk, delay or expense.   *Wright* v. *Simpson*, 6 *Ves.* 734 ; 2 *Story Eq. J.* § 849.   But no sanction has ever been given in this state to the present attempt to invert the natural order of the obligations created by the contract of surety.   The cases of *Pain* v. *Packard*, (13 *John.* 174,) and *King* v. *Baldwin*, (17 *Ib.* 384) are not generally recognized as authority, and have introduced into the state in which decided a new rule between creditor and surety, which we think unnecessary and inexpedient.

Pintard v. Davis.

The surety has ample means of relief more in accordance with the nature of his contract. He may compel, in a court of equity, the payment of the debt, and, which is a more obvious and simple course, he may pay the debt himself according to his undertaking, and then sue the principal upon his implied contract for re-imbursement. The present case is one of mere delay, and we do not recognize the rule that the surety by a simple demand *in pais*, can remove the duty of active diligence from himself to the creditor. We are all of opinion that the judgment of the Supreme Court must be affirmed.

RANDOLPH, J. I am not prepared to say that a surety may plead no matter *in pais*, without first going into a court of equity, or that the fact of suretyship must appear upon the face of the instrument itself in all cases, to be made available as a defence in a court of law ; nor do I consider it necessary for the decision of this case to settle either of these points. Could the defendants ask the aid of a court of equity upon the facts presented in their plea ? If not, then it is pretty clear that this court can grant them no relief. In *Eden on Injunction, p.* 31, the rule is said to be well settled that whenever the creditor, by virtue of some *agreement,* (not by merely remaining inactive) gives time to the principal debtor, he thereby discharges the surety, and to this extent the rule is sustained by many cases referred to by the author. In *Samuel* v. *Howarth,* 3 *Merival* 277, Lord Elden says the rule is this : that if the creditor, without the consent of the surety, gives time to the principal debtor, by so doing he discharges the surety ; that is, if time is given by virtue of a positive contract between the creditor and the principal, not where the creditor is merely inactive. And the reason given is because he thereby changes the character of the surety.

And the same doctrine is held in *Rees* v. *Barrington,* 2 *Ves. Jr.* 540, and sustained by the numerous cases collected in the note. There must be an agreement or act of the creditor by which the terms of the original agreement are enlarged, or the risk of the surety increased. The defendant's plea in this case sets up no agreement, no enlargement of time, no act of the creditor by which rights of sureties have been put in jeopardy.

There was no time, after the bond became due, when the defendants might not have paid the debt, and sued their principal for the money paid for him ; no time when they might not have gone into a court of equity, and compelled the obligee to prosecute the bond, and make his money out of the principal debtor. The mere notice to the obligee, his failure to prosecute, and the subsequent insolvency of the principal, do not amount to an agreement or act of the creditor to enlarge the time, alter the original contract, or increase the risk of the surety, beyond their power of control.    I find no case in equity which extends the rule beyond what I have stated, except that of *King* v. *Baldwin*, in the Court of Appeals of New York, 17 *Johns.* 384. But the Supreme Court in that State, prior to this in *Paine* v. *Packard*, 13 *Johns.* 174, had gone far ahead of the rule in equity, and the object of the Court of Appeals in *King* v. *Baldwin*, would seem rather to have been to confirm the prior decision of the court of law, and to reverse the opposing opinion, rather than the decision of the Chancellor in the latter case.    But although there have been other decisions in New York, confirming the decision of the Court of Appeals, yet they are contrary to principle, and against the current of decisions in England, and the uniform practice in this state, and I neither perceive the wisdom of the change or the necessity therefor.    I think that the decision should be affirmed.

The Court, consisting of the CHANCELLOR, and Judges WHITEHEAD, CARPENTER, RANDOLPH, SPEER, SPENCER, PORTER, SCHENCK, ROBERTSON and SINNICKSON unanimously, affirmed the judgment of the Supreme Court.

CITED *in Paulin* v. *Kaighn,* 3 *Dutch.* 508; *Paulin* v. *Kaighn,* 5 *Dutch.* 501.