## BUCKALEW *vs.* SMITH ET AL.

[MOTION BY SURETY, IN CIRCUIT COURT, TO ENTER SATISFACTION OF JUDGMENT, BECAUSE CREDITOR FAILED TO COLLECT MONEY OUT OF PRINCIPAL DEBTOR WHILE HE WAS SOLVENT.]

1. *Judgment, entry of satisfaction of; what not sufficient to authorize as to surety.*—It is no defense for a surety that his judgment creditor merely neglects or refuses to collect his judgment from the principal, though the principal should become insolvent. Although the judgment creditor stipulates with the principal debtor for delay, so long as the agreement is merely voluntary, and not founded on a valuable consideration, the surety is not discharged.

APPEAL from Circuit Court of Randolph.
Tried before Hon. JOHN HENDERSON.

The facts are sufficiently stated in the opinion.

C. D. HUDSON, for appellant.
JAMES AIKEN, *contra.*

B. F. SAFFOLD, J.—This was a motion by the appellees, to enter satisfaction of a judgment recovered against them and others at the spring term, 1861, of the circuit court, and affirmed at the June term, 1861, of the supreme court.

The ground of the motion was, that the applicants were merely the sureties of S. W. Herren, and they notified the plaintiff to make the money out of the property of Herren when he might have done it, but he neglected and refused to do so until Herren became insolvent. An issue of fact was made up between the parties and submitted to a jury. On their verdict, the court entered satisfaction of the judgment, and rendered a judgment for costs against the plaintiff.

A consideration of the assignment of error respecting the jurisdiction of the court will be decisive of the case,

The court was asked to enter satisfaction of the judgment, because the plaintiff, after being notified by the sureties to enforce it by execution, neglected and refuse to do so. The creditor who has obtained his judgment, is not bound to active diligence so as to enable him to hold the surety liable. He may delay as long as he pleases. Although he stipulates with the principal debtor for delay, if the agreement be merely voluntary, the surety is not discharged. No agreement will have the effect to exonerate the surety, which is not founded on a valuable consideration, and does not disable the creditor from proceeding to collect his demand.—*State Bank v. Godden & Lowry*, 15 Ala. 616; *Caller v. Vivian*, 8 Ala. 903; *Agee v. Steele*, 8 Ala. 948; *Sawyer v. Bradford*, 6 Ala. 572.

The judgment is reversed. As no cause of action is presented, the cause is not remanded.