Brewer, J.
In March, 1862, plaintiff recovered judgment in the district court against Austin R. Foreman as principal, and Adam *91 Brenner as surety. On this judgment executions were issued, the-last being of date August 3, 1864. They were returned unsatisfied. Foreman died in November, 1864, and his estate was administered in the probate court of that county, and final settlement, after a lapse-of three years, made in January, 1868. The estate was solvent, and if this judgment had been presented for allowance it could have been collected; but it was not presented to the administrator, nor the court. In 1872 the plaintiff sought to revive the judgment as against Brenner, it having become dormant by lapse of time. The district court refused to order a revivor, and of this the plaintiff here complains.
We think the court below erred in its rulings. They seem to have-been based upon the idea, that because the principal debtor’s obligation *92 had been discharged, that of the surety must also be; that the judgment could have been presented for allowance, and if presented, would have been paid; that the plaintiff was guilty of laches in not presenting it, and therefore the surety is released from further liability. The true rule is thus laid down by Thiebold in his work on Principal and Surety, p. 114: “The obligation of the surety, also, in general becomes extinct by the extinction of the obligation of the principal debtor. An exception to this rule takes place whenever the extinction of the obligation of the principal arises from causes, such as bankruptcy and certificate, which originate with the law, and not with the voluntary acts of the creditor.” In Pain v. Packard, 2 Amer. Lead. Cas. 402, it is said that “the better opinion would seem to be that he (the •creditor) is not responsible for suffering a judgment to expire, or abandoning a lien acquired by an attachment, or execution, unless the execution of the writ has gone far enough to *operate as a virtual payment or satisfaction of the debt.” In U. S. v. Simpson, 3 Pen. & W. 437, the surety was held liable, although .a judgment against the principal had been allowed to expire, and the land which it bound was sold under executions issued by other persons. Mundorff v. Singer, 5 Watts, 172; Farmers’ Bank v. Raynolds, 13 Ohio, 85. These eases are much stronger than the one at bar. Liens were lost, while here no lien ever existed. All that can be said is, that the creditor omitted to proceed. No act of his extinguished the obligation of the principal debtor. That resulted through operation of law. The obligation to see that the debt was paid rested on the principal and surety, and not on the creditor. If the surety wished it collected from the principal, he should have paid the judgment, been subrogated to the rights of the creditor, and then himself presented the judgment for allowance against the estate of the principal. If he failed to do this in time to realize anything from the ■estate, he must suffer the consequences. Pain v. Packard, 2 Amer. Lead. Cas. 388; Phillips v. Solomon, 42 Ga. 192; Hollingsworth v. Tanner, 44 Ga. 11; Davis v. Graham, 29 Iowa, 514; Buckalew v. Smith, 44 Ala. 638; Crawford v. Gaulden, 33 Ga. 173.
The order of the district court will be reversed, and the case remanded for further proceedings in accordance with the views herein ■expressed.
(All the justices concurring.)