Grover, J.
Although the amount in controversy would scarcely seem to justify litigation from the County Court to that of last resort, yet, if the parties adopt that course they *141 are entitled to have their rights determined by the application of legal rules the same as in cases involving larger con sequences.
The law is, I think, .well settled upon every question involved in the present case, and in nearly every one by the judgment of this court. A carrier is responsible as such only when goods are delivered and accepted by him for immediate transportation in the usual course of business. If delivered awaiting further orders from the shipper before carriage, he is, while they are so in his custody, responsible as warehouseman. (Angell on Carriers, § 129; Rogers v. Wheeler, 52 N. Y., 262.)
Applying this well settled principle it is, I think, entirely clear that the defendant was not liable as carrier for the Hill cider or the casks in which it was contained at the time of its destruction by an accidental fire, and it is clear that if only responsible as warehouseman, it is not answerable for such loss. The facts, assuming all the disputed questions in favor of the plaintiff, were, that he had made a verbal contract with Hill for the purchase of a quantity of cider, he to furnish the casks and Hill to deliver the cider in Rochester, to reach which it would be delivered and shipped for that place at the Fairport station of defendant’s road; that the plaintiff forwarded a quantity of casks to Fairport, deliverable to Hill, who received them, and the plaintiff told the freight agent of the defendant there that they were to be filled with cider by Hill for him, and that the agent knew he did business at Rochester. That Hill filled a portion of the casks and placed them, without any marks indicating what was to be done with them, in the defendant’s freight station at Fairport; one of the teamsters telling the laborers of the defendant that they were for the plaintiff; Hill gave no instructions to the defendant as to what they should do with it before its destruction. As the plaintiff claims to recover as the assignee of Hill, the question is whether he could recover for the destruction of the cider. I think it clear that he could not, nor could the plaintiff as his assignee or otherwise. *142 The contract was verbal and void by the statute of frauds, and the cider was at the time the property of Hill. The agents of the defendant must regard him as owner, and for aught that appears had no right to receive instructions as to its destination from any other person. He placed it in the freight station without any instructions as to its destination either by marks upon the casks or otherwise. The defendant as to him had no right to do any thing with it other than to keep it awaiting his future instructions, although doubtless believing that it was placed there for ultimate shipment by him. This did not make the defendant liable to him as carrier. The plaintiff could not therefore recover as his assignee.
It is equally clear that he could not recover in his own right. He was not the owner of the cider, as his contract to purchase it was void by the statute of frauds. (Krulder v. Ellison, 47 N. Y., 36.) He could not recover even if consigned to him under these facts. (Case last cited.) It never was so consigned, and the information that he gave the agents, that he was going to have it, when speaking of the casks he had forwarded there, amounted to nothing. The trial judge erred in refusing to instruct the jury that the plaintiff could not recover for the Hill cider or the casks containing it.
The facts in relation to the Tailman cider were c fferent. In respect to this, the evidence tended to show, and the jury have found, that the casks containing it, when delivered, had a card on each, or were marked with chalk addressed to the plaintiff at Rochester. When property is so delivered to and received by a carrier, he has the right, and it is his duty, at once to forward it to its destination in the usual course of business. It is thenceforth in his possession, and he is responsible therefor as carrier. (Rogers v. Wheeler, supra.) But the plaintiff was not at the time of the fire the owner of this cider. His contract for its purchase was void by the statute of frauds, and he could not therefore recover for its loss.
I cannot concur in the conclusion of the opinion of the *143 General Term, that his subsequent acceptance of other cidei upon the contract and payment for that destroyed, related back, so as to place the title in him at the time of its loss. It then being the property of Tallman, the cause of action for its loss vested in him. But I think that the payment made for the cider lost, by the plaintiff to Tallman, did operate as an assignment of this cause of action by the latter to the former. The question then is, whether the court had power upon the trial to permit an amendment setting up this assignment. The Code, section 173, authorizes an amendment by inserting other allegations material to the case when the amendment does not change substantially the claim or defense. Here the claim of the plaintiff was to recover for the loss of this cider. This was substantially the same claim, whether made as being owner at the time of loss or as assignee of Tallman, from whom he had verbally agreed to purchase it. The court having power, whether or not to grant the amendment was in its discretion the exercise of which will not be reviewed by this court. (Richtmeyer v. Remsen, 38 N. Y., 206.)
The judgment of the Supreme and County Courts must be reversed, and a new trial ordered in the County Court, costs to abide the event.
All concur; except Church, Ch. J., not voting.
Judgment reversed.