[No. 921.]

MILES QUILLEN, RESPONDENT, *v.* PATRICK QUIGLEY ET AL., APPELLANTS.

LIABILITY OF SURETIES—WHEN NOT RELEASED.—The sureties upon an undertaking on appeal are not released by the mere delay of plaintiff in bringing suit.   The agreement with the principal to delay the commencement of suit must amount to an estoppel upon the creditor sufficient, in law, to prevent him from beginning a suit before the expiration of the extended time.

IDEM—NOTICE BY SURETY.—Sureties can not release themselves from liability by simply giving notice to the creditor to enforce his demand against the principal debtor.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

The facts appear in the opinion.

*A. B. & W. J. O'Dougherty,* for Appellants.

*A. C. Ellis,* for Respondent.

By the Court, HAWLEY, J.:

The record in this case, like that in *Irwin* v. *Samson,* 10 Nev. 282, "contains an abstract of the minutes reciting, in detail, the orders of the court and proceedings during the trial  *  *  *  in the apparent order of the trial and proceedings, instead of a statement on appeal." Respondent, upon this ground, moves for an affirmance of the judgment.

In our opinion the judgment roll presents all the points relied upon by appellants.

They contend that the court erred in rendering judgment "on the pleadings," because their answer raised sufficient

issuable facts, if proved, to entitle them to a judgment for costs.

The judgment recites the fact that it is rendered, on motion of plaintiff's attorneys, "upon the pleadings in the case."

We regret that the case has not been argued upon its merits.

This suit was brought against Patrick Quigley, the principal, and John C. Lynch and Frank Gindeof, sureties, upon an undertaking, on appeal in the case of *Quillen* v. *Quigley*, tried in the justice's court. The plaintiff in that suit obtained judgment in the district court. The answer of the sureties alleges: "That before the commencement of this action, to wit, on or about the month of May, 1876, Miles Quillen, the plaintiff herein, made a special agreement with the defendant and judgment debtor, P. Quigley, by which the said Miles Quillen agreed to satisfy the judgment mentioned and set forth in plaintiff's complaint by receiving from the said P. Quigley the amount of said judgment in monthly installments of $50 per month until the whole of said judgment should be satisfied; that the said P. Quigley, under and by virtue of said agreement, and in ratification thereof, paid to said plaintiff two installments of $50 each on the amount of said judgment; that the resources of the said P. Quigley, the said judgment debtor, have not been exhausted; that it has been through the fault and negligence of said plaintiff that the amount of said judgment has not been paid; that these defendants, through their attorneys, have frequently requested the said Miles Quillen, the said plaintiff, to enforce said judgment by levying on the available property of the said P. Quigley, but the said Miles Quillen neglected and refused so to do; that in consequence of the said negligence and default of the said plaintiff in not enforcing said judgment, * * * and in consequence of his having entered into said agreement with the judgment debtor, * * * these defendants hold themselves released from all liability under said bond, as set forth in plaintiff's complaint."

This answer presents two questions: First—Would the

sureties be released by the agreement for an extension of time? Second—Would they be released by reason of their request to have the plaintiff enforce his judgment against Quigley?

I. The law is well settled that if the plaintiff, in such a case, has done any act, or made any agreement, for a valuable consideration, without the consent of the sureties, express or implied, which tends to their injury, or which absolutely suspends or delays the right to coerce the payment of the amount due on the appeal bond, to the prejudice of the sureties, or which puts the sureties in a worse situation, or increases their risks, or impairs their rights, they are entitled to be released.

It is equally as well settled that mere delay, without fraud, is not sufficient. The agreement must amount to an estoppel upon the creditor sufficient, in law, to prevent him from beginning a suit before the expiration of the extended time. Although the creditor stipulates and agrees with the principal debtor, without the consent of the sureties, for delay, so long as the agreement is merely voluntary and not founded on a valuable consideration the surety is not released. (*Newell & Pierce* v. *Hamer*, 4 How. (Miss.) 684; *Coman* v. *The State*, 4 Blackf. 241; *Bailey* v. *Adams*, 10 N. H. 162; *Williams* v. *Covillaud*, 10 Cal. 419; *Farmers' Bank* v. *Reynolds*, 13 Ohio, 84; *Brinagar's Adm.* v. *Phillips*, 1 B. Monroe, 283; *Davis* v. *Graham*, 29 Iowa, 514; *Oberndoff, Trustee*, v. *Union Bank of Baltimore*, 31 Md. 126; *Hayes* v. *Wells*, 34 Md. 512.) The agreement set out in the answer belongs to the class last named.

The mere payment of a part of the amount of the judgment in monthly installments is not a binding legal consideration for the extension of time. There is no legal obligation varying the contract which previously existed between the creditor and the principal debtor. The sureties were not deprived of the right of subrogation. The proposed extension of time did not deprive the sureties of any right which existed at the time of the rendition of the judgment.

In *Seawell* v. *Cohn*, 2 Nev. 308, which was an action against the sureties on an undertaking given for the release

of an attachment, there was a stipulation in the original action that execution on the judgment should be stayed for sixty days; provided the defendant would, within thirty days, "pay to plaintiff the one-half of the amount of said judgment." The court held that this did not release the sureties.

In *Ammons* v. *Whitehead*, 31 Miss. 99, where the sureties had, as in this case, signed an undertaking on appeal from a justice's court, it was decided that the sureties were not released " by a compromise between the principal and the creditor, made without their assent, by which the creditor recovers judgment against the principal and the sureties, with stay of execution for twelve months."

II. In *Pain* v. *Packard*, 13 Johns. 174, the Supreme Court of New York, departing from the rule of the common law, decided that when the holder of any security is requested by the surety to proceed without delay and collect the money from the principal, and he neglects to do so, the sureties will be exonerated. This rule, for a time, met with considerable opposition. Cowen J., in *Herrick* v. *Borst*, 4 Hill, 656, in alluding to the principles decided in *Pain* v. *Packard*, said: "What principle such a defense should ever have found to stand upon in any court, it is difficult to see. It introduces a new term into the creditor's contract. It came into this court without precedent (*Pain* v. *Packard*, 13 Johns. 174), was afterwards repudiated, even by the court of chancery (*King* v. *Baldwin*, 2 Johns. Ch. Rep. 554), as it always has been, both at law and equity, in England; but was restored on a tie in the court of errors, turned by the casting vote of a layman (*King* v. *Baldwin*, 17 Johns. 384), Platt, J., and Yates, J., took that occasion to acknowledge they had erred in *Pain* v. *Packard*, as senator Van Vechten showed most conclusively that the whole court had done." But the doctrine of *Pain* v. *Packard* was afterward adopted by the court of appeals, and is now the settled law of that State. (*Remsen* v. *Beekman*, 25 N. Y. 555.)

The same rule prevails in some of the other states.

In several of the states laws have been passed regulating

this subject so as to bring the sureties within the rule of *Pain* v. *Packard*; but nearly all the decisions in these states declare that the rule did not exist as a part of the common law, and decide that the rule can only be enforced by virtue of the statute (*Carr* v. *Howard*, 8 Blackf. 190; *Halstead* v. *Brown*, 17 Ind. 202; *People* v. *White*, 11 Ills. 348; *Taylor* v. *Beck*, 13 Id. 376; *Villars* v. *Palmer*, 67 Id. 204; *Jenkins* v. *Clarkson*, 7 Ohio, 72; *Freligh* v. *Ames*, 31 Mo. 253); and then only when the notice is clear, positive, and unconditional to proceed forthwith. A mere request to proceed to collect the debt, or to enforce the judgment— as is alleged in the answer in this case—is not sufficient. (*Baker and Brim, Admr's*, v. *Kellogg et al.*, 29 Ohio St. 663; *Conrad* v. *Foy*, 68 Penn. St. 385.)

An examination of the numerous authorities upon this subject will show that in a majority of the states, where the question is not regulated by statute, the courts have held that the surety cannot release himself from liability by simply giving notice to the creditor to enforce his demand against the principal debtor. (*Sasscer* v. *Young*, 6 Gill. & J. 243; *Croughton* v. *Duval*, 3 Call. 61; *Dennis* v. *Rider*, 2 McLean, 451; *Page* v. *Webster*, 15 Me. 249, *Leavitt* v. *Savage*, 16 Me. 72; *Eaton* v. *Waite*, 66 Me. 221; *Frye* v. *Barker*, 4 Pick. 382; *Mahurin* v. *Pearson*, 8 N. H. 539; *Baker* v. *Marshall*, 16 Vt. 522; *Hickok* v. *Farmers and Mechanics' Bank*, 35 Vt. 476; *Pintard* v. *Davis*, 21 N. J. L. 632; *Buckalew* v. *Smith*, 44 Ala. 638.)

This rule, it seems to us, is sustained upon sound reason. The undertaking of appellants, as sureties, is positive in its terms that Quigley should pay, or cause to be paid, "the amount of any judgment and all costs" that might be rendered against him in the district court. Quillen had a direct remedy against the principal and the sureties. The bond was forfeited as soon as the judgment was rendered, and the defendant Quigley made default in its payment.

The plaintiff had not entered into any contract with the sureties on the appeal bond that he would take prompt measures to collect the judgment. The duty of such action rested with them. The law gave them ample protection.

They could have paid the judgment at any time, which would have been no more than they had agreed to do, and could thereupon have sued the principal in their own names and proceeded to collect the amount of the judgment without any delay.

We are of opinion that the court did not err in rendering judgment in favor of plaintiff " upon the pleadings in the case."

The judgment of the district court is affirmed.