JAMES F. CONVERSE, RESPONDENT, *v.* CELESTINE E. COOK AS EXECUTRIX OF MALCOLM G. COOK, DECEASED, APPELLANT.

*Accommodation indorser — not discharged by the neglect of the holder of a note, after request so to do, to enforce payment thereof from the maker.*

An accommodation indorser is not a surety in such a sense as to enable him to discharge himself from liability on a note by proving a request to the holder of the note to enforce payment by the maker, the neglect of the holder to do so, the solvency of the maker at the time when such request was made, and his subsequent insolvency.

APPEAL from an order setting aside a verdict for defendant and granting a new trial, the motion for which was made upon the minutes of the trial court, whereupon "a case was made and settled for that purpose." The trial was had at the Jefferson Circuit, held by Mr. Justice MULLIN. The action was to recover upon an indorsement by the intestate for the accommodation of Harvey D. Littlefield, of his note for $240, dated December 3, 1875. The note was given for a loan of money to the maker. The fourth defense set up was that the indorser required the plaintiff at the time the notice of dishonor was given, " to go on and collect the note " of the maker, and " that the maker was then solvent, and afterwards he became insolvent." In the course of the trial the plaintiff objected to evidence offered to sustain the defense, and afterwards in the course of the charge to the jury the court said : " I shall hold, for the purpose of this case, that that does not constitute a defense, and therefore you will disregard that part of the evidence, and pass upon the question of the notice, demand and refusal."

*F. N. Hubbard*, for the appellant.

*Levi H. Brown*, for the respondent.

HARDIN, J. :

Upon the trial evidence was received tending to show that a request was made by the indorser Cook to the holder of the note to

collect the note out of the maker. Evidence was given tending to show that the maker was solvent when the request was made, and that thereafter he became insolvent, being only able to pay twelve cents upon the dollar of his unsecured debts. After this evidence was in, the court ruled that such evidence presented no defense for the reason that the indorser for accommodation was not a surety in such a sense as to be able to avail of a defense upon the ground suggested by the evidence. As the defendant took an exception to such ruling, he requested that two questions be submitted to the jury to find upon specifically. The plaintiff objected thereto.

The court thereupon submitted the case to the jury, with instructions to find a general verdict for the plaintiff for the amount due upon the note, or a general verdict for the defendant, and that in either event the two questions be answered specifically.

The two questions were, viz.: Did Cook require Converse to sue and collect the note? (Answered affirmatively.) (2.) If Converse had taken steps to collect the note within a reasonable time after Cook required him to do so, could it have been collected out of the property of Littlefield? Answered affirmatively, and the jury also rendered a general verdict for the defendant.

Thereupon a motion was made by the plaintiff for a new trial upon the minutes of the judge, and it was granted. The defendant appeals from the order granting a new trial.

The second finding falls short of the rule which requires in such cases solvency of the maker to be made out by the party giving the notice. The rule is strict, and as such defenses are not favored by or to be extended by the courts, it must be strictly followed and complied with. (*Herrick* v. *Borst*, 4 Hill, 650; *Singer* v. *Troutman*, 49 Barb., 182 ; *Curtis* v. *Leavitt*, 15 N. Y., 141 and 200 ; *Howe Machine Co.* v. *Farrington*, 82 id., 121.) In *Huffman* v. *Hurlburt* (13 Wend., 375, and same case 378), where an accommodation maker set up the defense, the court said it must appear that the debt was *clearly* collectible by suit to justify the defense.

In the case of *Schroeppell* v. *Shaw* (3 Comstock, 446), the court discusses the doctrine of *Pain* v. *Packard* (13 Johns., 174), and alludes to the controversy over it in *King* v. *Baldwin* (17 Johns., 384), and recognizes the result, but refused to extend the principle where it was not satisfactorily shown by an accommodation maker

that a request had been made to collect out of the principal debtor or his collaterals in the hands of the creditor.

It is now well settled by authority that an indorser for value is not a surety in such a sense as to enable him to avail of a defense predicated upon request to the holder of a note, solvency at the time of the request of the maker, and subsequent insolvency, and therefore a discharge of the indorser. (*Wells* v. *Mann*, 45 N. Y., 327; *Colgrove* v. *Tallman*, 67 id., 99; S. C., 5 Hun, 103; *First Nat. Bank* v. *Wood*, 71 N. Y., 411.)

Called upon to pass upon the question arising in this case, as to whether an accommodation indorser can avail of such a defense, we have looked into a long line of cases, and come to the conclusion that such an indorser cannot make such a defense. His contract of indorsement was an independent one.

He could have taken up the note and brought suit upon the note at once. It was his duty as well as obligation to pay the note upon receiving notice of its presentment, refusal and its dishonor. Principle and authority concur in requiring him to take up and pay if he would have the obligation enforced at once out of the maker. *Pain* v. *Packard* (13 John., 174), was a case where an accommodation maker was allowed to make such a defense.

Three years after, in *Trimble* v. *Thorne* (16 Johns., 152), the court says: "We do not think the case of *Pain* v. *Packard* applies; for the indorser, though in *the nature* of a surety, is answerable upon an independent contract, and it is his duty to take up the bill when dishonored."

It is not stated that Thorne was an accommodation indorser, though it is fairly inferable from the report of the case.

In *Warner* v. *Beardsley* (8 Wend., 199), the opinion of the chancellor says: "To bring a case within that decision, it is necessary for the surety to show that the principal *was solvent* at the time he requested the creditor to proceed and collect his debt and was within the jurisdiction of the State, and that the creditor without any reasonable excuse neglected or refused to proceed until the principal debtor became insolvent and unable to pay," and that "applying these tests to the case under consideration, it is evident the indorser of this note was not discharged by the mere neglect to proceed and incarcerate the insolvent drawer who had not sufficient

visible means to pay the costs of the proceeding." In the same case Senator Seward said : "Whether the plaintiff in error, as indorser of an accommodation note, is entitled to be *regarded as a surety,* and if so regarded, whether in accordance with the principle laid down in the case of *Pain* v. *Packard,* he could discharge his liability by giving notice to the holder of the note to prosecute his remedy, *are questions* not *necessarily* to be decided in this cause and upon which I wish to be understood as not expressing an opinion by my vote." That case is not an authority upon the question before us.

The case of *King* v. *Baldwin* (17 John., 384), in which the doctrine of *Pain* v. *Packard* (*supra*) was reasserted, was where King was an accommodation maker and signed as " security," and though it sustained the doctrine of *Pain* v. *Packard,* the question now before us was not passed upon. In *Pitts* v. *Congdon* (2 Comst., 352), GARDINER, J., says that "drawers and indorsers are in the light of sureties, in the nature of sureties," and adds, " but we have been referred to no adjudication, nor have I been able to find one in which it has been held that they are sureties in fact," and he then cites *Hurd* v. *Little* (12 Mass., 503), to show that they do not sustain that relation, and it was held in that case that an indorser for value "was not a surety for the maker in any such sense as would entitle him to an account from the holder of these notes for the value of a collateral security, taken by him from the maker on his own account and subsequently surrendered in good faith and without payment."

In the *M. Iron Co.* v. *Sweeting* (10 Wend., 162), the defense was interposed in behalf of an *accommodation maker.*

The principle of the cases of *Pain* v. *Packard* and *King* v. *Baldwin,* was brought in review in *Remsen* v. *Beekman* (25 N.Y., 556), and reaffirmed, and it was declared that Beekman stood in the relation of surety to the mortgage debt. The question before us was not involved. In *Hubbard* v. *Gurney* (64 N. Y., 465), the general principle of *Pain* v. *Packard* was reaffirmed by the late Chief Justice CHURCH, but the only question before the court was as to the effect of an agreement giving further time when one of the makers was surety, and it was held that evidence of such fact was admissible and that the agreement discharged the surety.

The right of a party to make such a defense was recognized by Chief Justice CHURCH in *Clark* v. *Sickler* (64 N. Y., 233), but that was a case also of an accommodation maker.

In *Northern Insurance Company* v. *Wright* (13 Hun, 168) TALCOTT, J., refers to the principle of *Pain* v. *Packard* approvingly, but the learned counsel cannot find any aid for his position in that case, for that was a clear case of a surety who had guaranteed a bond and mortgage. Nor does the case of *Goodwin* v. *Simonson* (74 N. Y., 135) aid the appellant, for that was a case where the question was as to whether the appellant was a surety upon a mortgage debt.

In the numerous cases presented to us by the counsel we have found none which authoritatively passes upon the question in respect to an accommodation indorser.

The case of *Boyd* v. *McDonough* (39 How., 389) turned upon an extinguishment of the debt for which the note was held as a collateral, that being paid, it was held the note was extinguished. But a further analysis of the cases is not needful. An examination of them, so far as we have made it, does not reveal any holding like the one contended for by the appellant. (See *Bradford* v. *Corey*, 5 Barb., 461 ; *Singer* v. *Troutman*, 49 id., 183 ; *Russ, Adm'r*, v. *Jones*, 22 Wallace, 576, and cases cited in opinion of CLIFFORD, J.)

In volume 2 of Daniels on Negotiable Instruments (page 293), it is stated to be the rule in this State that an indorser cannot avail of the defense attempted in this case, and he adds in a note at page 321 that in New York "the indorser, while regarded in the nature of a surety, is not a surety in the sense of the cases above quoted, who has a right to require the creditor to sue the maker." (See, also, *White* v. *Gardner*, 3 Redfield, 74.)

The indorser was in duty bound to pay. He was bound by his contract which had become absolute upon notice of the dishonor of the note, and the creditor at all times could aptly reply to any request to collect of the maker : Do your duty ; take up the note, and bring suit yourself, as you have become liable to pay me and I need look no farther for satisfaction. Act and pay yourself instead of commanding me to proceed against another no more obligated to me than you are for the debt.

We cannot say the jury would have found, upon the other issues, for the defendant had the evidence relating to the attempted

defense, improperly received and submitted to them, been left out of the case. (*Foote* v. *Beecher*, 78 N. Y., 155; *Church* v. *Howard*, 79 id., 423.)

We must, therefore, affirm the order granting a new trial.

TALCOTT, P. J., and SMITH, J., concurred.

Order affirmed.