RAE STRICKS, Plaintiff, v. ABRAHAM I. SIEGEL and YETTA FEINBERG, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, December 10, 1929.

*McManus, Ernst & Ernst,* for the plaintiff.

*William V. Glickman,* for the defendants.

CHILVERS, J. Motion to strike out defenses as insufficient in law and for summary judgment.

The first defense is insufficient. There is a denial in the answer of the assignment of the note to the plaintiff, so that this defense is only redundant; the allegations that the assignment was made without consideration and for the sole purpose of bringing suit are immaterial, because an assignment can be as a gift when rights of creditors do not intervene and it may be for the purpose of bringing suit when champerty is not involved.

The second defense is insufficient. The statute pleaded seems to indicate that the making of the loan by the corporation may have been *ultra vires;* the allegation in the 17th paragraph that the

note is null and void is a conclusion of law, not substantiated by the statute pleaded, because there is nothing in it to show that the security taken for the loan is void.

The third defense is insufficient in law. It alleges a New Jersey statute which is remedial only and not substantive. That statute bars recovery of interest or costs in a suit brought on a usurious loan, and was not intended to, and cannot, apply beyond the State of New Jersey.

The fourth defense is insufficient. The note was payable in New Jersey. The defendant Feinberg admits that she signed that note, although she denies that it was made and delivered in New Jersey, as alleged in the 1st paragraph of the complaint. It was stated on the argument that this defendant signed the note for accommodation of her comaker in New York, and that thereupon her comaker took it over to New Jersey and there negotiated it. Under our decisions, New Jersey was not only the place of performance, but the place where the contract was made. The law of the State of New Jersey controls the substantive rights under the transaction. This defense does not plead any statute of New Jersey. The courts of this State, therefore, assume that the common law, and not a statute, prevails and in the absence of a contrary showing the common law in New Jersey is assumed to be the common law of New York. Usury is not repugnant to the common law of New York and is not recognized as a defense in the absence of statute.

The fifth defense is sufficient in law. It alleges that the defendant Feinberg, an accommodation comaker, shortly after the maturity of the note asked the payee and holder to proceed immediately against the other maker, the principal debtor, and that the holder refrained from proceeding for over two months, during which time the principal debtor became wholly insolvent and unable to pay the debt. The provisions of the Negotiable Instruments Law as adopted in New Jersey, if they have been there adopted, do not appear in this defense. We, therefore, must assume that the common law in New York is applicable in the State of New Jersey. And, under the rule in *Pain* v. *Packard* (13 Johns. 174), the defense is sufficient at common law.

It is possible that the rule in *Pain* v. *Packard* (*supra*) is not controlling in New Jersey under the common law or statutes of that State, and these facts may appear in a further affidavit for judgment under rule 113 of the Rules of Civil Practice. I will, therefore, deny the motion for summary judgment without prejudice and will strike out the first, second, third and fourth defenses contained in the answer as being insufficient in law on the face thereof.