THE COURT PRESS, INC., Plaintiff, *v.* ROBERT ARONSTEIN, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, February 3, 1931.

*Plaut & Davis*, for the plaintiff.

*Samson Z. Sorkin*, for the defendant.

PRINCE, J. The defendant is an attorney at law. He gave to the plaintiff, a corporation engaged in the printing business, the following guaranty, in writing: " In consideration of such work as you accept and do for our clients, consisting of law printing, we personally hereby guarantee the payment to you promptly for all such work. This guarantee is to apply to present and all future work given to you, by us, for our clients."

The plaintiff sues on this guaranty for the balance due on printing work done for the defendant's client at the request of the defendant. The defendant pleaded a general denial and lack of consideration, and plaintiff now moves to strike out the answer and for summary judgment.

The defendant contends that under the authority of *Pain* v. *Packard* (13 Johns. 174) the plaintiff must first exhaust his legal remedies against the principal debtor, defendant's client, for whom the printing was done.

In the principal case of *Pain* v. *Packard*, and all the cases which have followed it, it was shown that the remedy against the guarantor was pursued after the principal debtor had become insolvent or financially irresponsible, and that at some prior time the plaintiff had been requested to proceed against the principal debtor, against whom a judgment would then have been satisfied. As counsel for the plaintiff rightly maintains, in all those cases the delay against the principal caused actual damage to the surety, but in the case at bar the defendant shows no harm resulting from the plaintiff's failure to seek his remedy against the principal debtor.

Aside from that, however, we are disinclined to require the plaintiff to proceed first against the principal debtor, in a transaction of the nature here involved. " The doctrine of *Pain* v. *Packard*, though frequently criticised, has not been overruled, *but the courts have not been disposed to apply it* " (See *Newcomb* v. *Hale*, 90 N. Y. 326, at p. 329), nor to extend it beyond cases where the guaranty was for the payment of notes and bonds secured by

mortgage. All cases cited by defendant seem to bear out this contention.

Further, I regard the engagement of the defendant as an original undertaking, and an immediate right of action accrued thereon to the plaintiff. (See *Cardell* v. *McNiel*, 21 N. Y. 336.)

The motion for summary judgment must, therefore, be granted. Five days' stay.