STANLEY M. MARKS and ANNIE G. MARKS, Plaintiffs, *v.* FLORENCE P. FOLLO, Defendant.

Supreme Court, Special Term, Broome County, September 16, 1941.

*Chernin & Gold [James B. Gitlitz* of counsel], for the plaintiffs.

*Charles W. Jenkins [J. Leland Rickard* of counsel], for the defendant.

DEYO, J. This is an action upon a bond alleged to have been given by the defendant to the plaintiffs on June 23, 1937, conditioned upon the payment of $7,000, payable fifty dollars on the 21st day of July, 1937, and a like sum on the twenty-first day of each month thereafter until fully paid. After the execution thereof, the defendant conveyed the premises upon which a mortgage had likewise been given as security for the indebtedness, to a Mr. and Mrs. Lutz who assumed payment. The answer, in

addition to setting forth what is substantially a general denial, sets up as an affirmative defense, appropriate allegations to the effect that in December of 1940 the defendant demanded that the plaintiffs immediately proceed to foreclose their mortgage, which was not done; that the premises were then worth more than the amount secured; that since the time of the demand the premises have depreciated in value to a sum less than the mortgage debt, and that if the plaintiffs had proceeded as requested, the amount due could have been realized out of the property.

It is the defendant's contention that the affirmative defense is sufficient on the authority of *Pain* v. *Packard* (13 Johns. 174), wherein it was held that a mortgagor who had conveyed the premises involved to a grantee who had in turn assumed the mortgage, thereafter stood in the position of surety, his grantees being the principal, and had the right after the debt became due to demand that the mortgagee proceed immediately to foreclose, the penalty for non-compliance being the discharge of the surety. The difficulty in applying this doctrine to the situation presented in the case at bar lies in the fact that here the debt was not due at the time the demand was allegedly made. True, the mortgagees had the option to declare the whole amount due upon default in the payment of any installment of principal or interest, but they were under no obligation to do so. No case has come to the court's attention where this defense was permitted before the debt had matured, nor has any authority been submitted to the effect that this defendant or any one else could compel the plaintiffs to accelerate payment. An examination of the various cases wherein the doctrine of the *Pain* case (*supra*) has been applied, indicates that in every instance the debt was due at the time the request to foreclose was made. This court is of the opinion that the doctrine of the *Pain* case should not be extended to cover the situation which is herein presented.

On the motion for summary judgment we are confronted with a different situation. Rule 113 of the Rules of Civil Practice provides that an answer may be struck out and judgment entered in favor of the plaintiff upon a proper showing of such evidentiary facts which establish the cause of action unless the defendant " by affidavit or other proof, shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to a trial of the issues." The defendant's denial of the execution of the bond need give us no concern for there is a total failure to substantiate this contention " by affidavit or other proof." The defendant's affidavits last submitted, however, do disclose a possible defense. It is therein stated that the plaintiffs and the defendant

entered into an agreement regarding this property, whereby the defendant was to foreclose a second mortgage, deed the property to the plaintiffs and receive from them the bond and mortgage which are the subject of this action. This agreement the defendant alleges was subsequently abrogated by plaintiffs. True, this defense cannot be proved under a general denial, but this fact does not render such a defense nugatory on this motion, for the pleadings may conceivably be amended at the trial or sooner. (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Erie Commercial Corp.* v. *Then*, 259 App. Div. 786.) The question for the determination of the court at this time is whether or not there is in reality a genuine and substantial issue requiring trial, regardless of defects and omissions in the pleadings themselves. (*Erzinger* v. *Lieberman*, 218 App. Div. 847; *Donnelly* v. *Bauder*, 217 id. 59; *Nix* v. *Low*, 165 Misc. 484.) It seems to the court in the instant case there is a question of fact to be determined relative to the alleged agreement. There being a question of fact, the matter cannot and should not be summarily determined on this motion. (*Munoz & Co.* v. *Savannah Sugar Refining Corp.*, 118 Misc. 24.)

Due to the conveyance of the property and the assumption of the mortgage, a relationship of principal and surety exists between Lutz and this defendant. (*Calvo* v. *Davies*, 73 N. Y. 211.) Consequently, the defendant is entitled to an order bringing in his grantees as parties to this action. (Civ. Prac. Act, § 193, subd. 2; *Albany Exchange Savings Bank* v. *Winne*, 168 Misc. 853.)

An order may be submitted striking out the affirmative defense, denying the motion for summary judgment and granting the motion to bring in the defendant's grantees as parties to the action. No costs will be awarded.