■ ROBERT H. RULFS, Individually and on Behalf of EDITH D. RULFS, Respondent, v BLUE CROSS OF NORTHEASTERN NEW YORK, INC., Appellant, et al., Defendant. — Appeal (1) from an order of the Supreme Court at Special Term (Crangle, J.), entered August 24, 1983 in Clinton County, which, *inter alia,* granted plaintiff's motion for summary judgment against defendant Blue Cross of Northeastern New York, Inc., and (2) from the judgment entered thereon. ¶ Robert and Edith Rulfs are insured against health-related expenses by defendant Blue Cross of Northeastern New York, Inc. (Blue Cross). The basic contract excludes convalescent or custodial care, but a major medical expense rider provides that: "Benefits for care in a Nursing Home shall be provided only in such instances as Blue Cross and Blue Shield shall determine requires skilled nursing care on a continuing basis and a physician has certified such requirement has been met. It shall be provided only on prior referral of the Subscriber's attending physician and only for as long as the patient remains under the active care of an attending physician." ¶ Mrs. Rulfs has been a patient in the health-related facility unit of Meadowbrook Nursing Home in Clinton County since March 25, 1982. She suffers from paraplegia, paresis of the left upper extremity, dysarthria and neurogenic bladder as a consequence of multiple sclerosis diagnosed in 1964. When Mr. Rulfs' application to Blue Cross for reimbursement for skilled nursing care expenses incurred on behalf of his wife at Meadowbrook was denied, he instituted this suit for breach of contract and subsequently moved for summary judgment against Blue Cross, which was granted. ¶ There being triable issues of fact present, summary judgment was inappropriate. It is not at all clear from the physicians' orders and progress notes, the nursing notes from Meadowbrook, and the letters submitted by Mrs. Rulfs' physicians that she requires skilled nursing care on a continuing basis or, if so, that she is indeed being furnished these services under the active care of a physician (see *Riggs v Blue Cross,* 92 AD2d 365). ¶ Order and judgment modified, on the law, by reversing so much thereof as granted plaintiff's motion for summary judgment against defendant Blue Cross of Northeastern New York, Inc., motion denied, and, as so modified, affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.