OPINION OF THE COURT
Loren N. Brown, J.
The defendants in both actions move by notices of motion, dated October 5, 1984, and October 17, 1984, respectively, and supporting papers, for an order dismissing the complaint in action No. 2 insofar as it seeks punitive damages against the defendants, and for an order granting them summary judgment on that portion of the complaint.
This is an action to recover a sum of money allegedly due under a contract for insurance, compensatory damages, and punitive damages for an alleged failure of the defendants to honor the contract.
*414 In 1964, Edith Rulfs was diagnosed as having multiple sclerosis. With the passage of time her condition deteriorated until she now suffers from depression, paraplegia, dysarthria, neurogenic bladder, and paresis of the left upper extremity. On March 25, 1982, she became a patient in the health care related facility unit of Meadowbrook Nursing Home in Clinton County. The continuation of the decline in her health resulted in an alleged need to have her placed in a skilled nursing facility. The plaintiff applied to be reimbursed for care in the nursing home pursuant to a rider on the contract which reads as follows: “Benefits for care in a Nursing Home shall be provided only in such instance as Blue Cross and Blue Shield shall determine requires skilled nursing care on a continuing basis and a physician has certified such requirement has been met. It shall be provided only on a prior referral of the Subscriber’s attending physician and only for as long as the patient remains under the active care of an attending physician.” Custodial care is exempted by the policy. The defendants denied coverage and this action ensued. Subsequently, the plaintiff moved for summary judgment on his claim before Justice William Crangle. The defendants cross-moved for dismissal of the complaint insofar as it seeks punitive damages. Justice Crangle granted summary judgment to the plaintiff for the health care expenses and compensatory damages and granted the defendants’ motion for dismissal of the claim for punitive damages without stating the grounds upon which the decision rested. The defendants appealed the order and judgment while the plaintiff chose not to appeal the dismissal of the punitive damage cause of action. The Appellate Division modified the order and judgment by reversing that part which granted summary judgment to the plaintiff in a decision dated March 29, 1984. (Rulfs v Blue Cross, 100 AD2d 716.) In mid-September of 1983, while action No. 1 was on appeal, Mrs. Rulfs was transferred to a skilled nursing care facility. It is alleged that following her placement there, the defendants continued to refuse to honor their contract. Therefore, action No. 2 was commenced by a complaint which materially differed from the previous complaint only in its allegation that in mid-September Mrs. Rulfs was transferred to the skilled nursing facility floor of the same nursing home. The defendants now seek partial summary judgment on the grounds that the judgment of Justice Crangle has a res judicata effect which bars action No. 2, and, alternatively, that on these facts punitive damages cannot lie.
Addressing the alleged bar to this action, the court finds that the judgment of Justice Crangle does not bar the plaintiff’s *415 subsequent action for punitive damages based upon different facts. When action No. 1 was commenced and when summary-judgment was rendered, the actions of the defendants could be considered a valid response to what they perceived to be their rights under the contract. Justice Crangle issued his decision in response to the circumstances as they existed at that time. Though a great amount of documentary evidence attested to Mrs. Rulfs’ need for skilled nursing care, the fact remained that she was being treated in a part of a nursing home which gave custodial care.
In mid-September, she was transferred to a skilled nursing facility floor of the home, and yet the defendants maintained their position. At that time the facts changed materially and a separate action could be maintained.
If the court held as the defendants would suggest, the decision of Justice Crangle would forever be a bar to punitive damages no matter how unconscionably the defendants may have acted in relation to Mrs. Rulfs. The defendants should not be made immune from court-ordered damages should the allegations of impropriety prove correct.
Finally, in regard to the claim that punitive damages are not available, the court finds sufficient allegations of morally culpable conduct within the complaint of action No. 2 to bring the cause within the penumbra of Greenspan v Commercial Ins. Co. (57 AD2d 387). Though the complaint in Greenspan sounded in fraud, not contract, this court on a summary judgment motion is concerned only with factual allegations, not perceived insufficiencies in pleadings. (Marks v Fallo, 177 Misc 108.) A complaint can be amended before, during, and even after trial to conform to the proof. (CPLR 3025.)
Accordingly, - the motion for summary judgment is, in all respects, denied.